UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHANNON CAMPBELL,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>FELD ENTERTAINMENT, INC., et al.,<br><br>　　　　　　Defendants.<br>——————————————————<br>MARK ENNIS,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>FELD ENTERTAINMENT, INC., et al.,<br><br>　　　　　　Defendants.<br>——————————————————<br>JOSEPH CUVIELLO,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>FELD ENTERTAINMENT, INC., et al.,<br><br>　　　　　　Defendants. | Case Nos.: 12-CV-04233-LHK<br>　　　　　　13-CV-00233-LHK<br>　　　　　　13-CV-03135-LHK<br><br>ORDER DENYING MOTION TO RELATE |

On February 10, 2014, Judge Davila filed an order referring *Cuviello v. Feld Entertainment, Inc., et. al.* ("*Cuviello II*"), No. 13-4951, to the undersigned to consider whether *Cuviello II* should

be related to the above-captioned cases. *See* ECF No. 137.[1] On February 12, 2014, Defendants in the above-captioned cases filed an administrative motion in which they contend that the above-captioned cases are related to *Cuviello II*. ECF No. 139. Plaintiff in the *Campbell* and *Ennis* cases filed an opposition. ECF No. 140. For the reasons stated below, the Court DENIES the motion.

        The first of these cases (*Campbell v. Feld Entertainment, Inc., et. al.*) was filed on August 10, 2012. *See* ECF No. 1. The Campbell complaint alleged causes of action for violation of Article 1, Section 2(a) of the California Constitution, intentional infliction of emotional distress, violation of California Civil Procedure Code § 527.6(a) and (b), and violation of California Civil Code § 52.1, arising out of Defendants' conduct while Campbell sought to videotape animals. *Id.* A second lawsuit (*Ennis v. Feld Entertainment, Inc., et. al.*) was filed on January 17, 2013. *See Ennis*, No. 13-233, ECF No. 1. That complaint alleged causes of action for violations of California's Unfair Competition Law, violations of California Civil Code § 51.7, violations of California Civil Code § 52.1, negligent supervision, and violation of Article 1, Section 2(a) of the California Constitution arising out of Defendants' conduct while Ennis sought to videotape animals. *See id.* On January 23, 2013, Plaintiff in *Campbell* filed a motion to related *Campbell* and *Ennis*. *See* ECF No. 32. This Court granted the Motion to Relate on February 1, 2013. *See* ECF No. 39. On June 18, 2013, the Court ordered the parties in Ennis and Campbell to meet and confer regarding whether the two cases should be consolidated. *See* ECF No. 68. The parties agreed to consolidate for all pre-trial purposes, *see* ECF No. 69, and accordingly, this Court consolidated the two cases. *See* ECF No. 70.

        The third complaint, in *Cuviello v. Feld Entertainment, Inc., et. al.* ("*Cuviello I*"), was filed on July 8, 2013. *Cuviello I*, No. 13-3135, ECF No. 1. That complaint alleged causes of action for violation of Article 1, Section 2(a) of the California Constitution, assault and battery, violation of California Civil Code § 51.7, violation of California Civil Code § 52.1, negligent supervision, violation of California Penal Code § 632(a), and Oakland Ordinances 9.08.170, 12.44.080, and 12.08.060 arising out of Defendants' conduct while Cuviello sought to videotape animals. *See id.* On September 26, 2013, Defendants moved to relate *Cuviello I* to *Ennis* and *Campbell*. *See* ECF No. 117. This Court granted the motion to relate on October 18, 2013. *See* ECF No. 122.

---

[1] All ECF cites refer to the docket in *Campbell*, No. 12-4233, unless otherwise stated.

The fourth case, the subject of the instant motion to relate, was filed on October 24, 2013. *Cuviello II*, No. 13-4951, ECF No. 1. In the complaint, Plaintiff Cuviello asserts causes of action for malicious prosecution and 42 U.S.C. § 1983 for violation of First Amendment rights. *See id.* While Cuviello alleges many of the same facts alleged in Ennis, Campbell, and *Cuviello I*, the crux of the complaint in *Cuviello II* is that the Defendants (the circus, its employees, and its counsel) violated the law by seeking a temporary restraining order in state court against Cuviello (and two of Cuviello's partners) that required Cuviello to stay five yards away from any circus employee. *See id.* ¶ 63. Cuviello contends that the temporary restraining order, which was granted, prevented Cuviello from vindicating his First Amendment rights for a five-day period. *See id.* ¶ 66.

The Court finds that *Cuviello II* should not be related to *Ennis*, *Campbell*, and *Cuviello I*, because there are material differences between the crux of the complaints. *Ennis*, *Campbell*, and *Cuviello I* concern violation of plaintiffs' rights by the circus and its employees while plaintiffs were videotaping animal walks and the holding of animals. In contrast, *Cuviello II* concerns litigation undertaken by the circus and its counsel against Cuviello in state court. While there is some factual overlap, the Court finds that there substantial differences that make it unlikely that "there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civ. L. R. 3-12.

For the foregoing reasons, the Court DENIES the motion to relate.

**IT IS SO ORDERED.**

Dated: February 17, 2014

_____
LUCY H. KOH
United States District Judge