1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH CUVIELLO,<br><br>        Plaintiff,<br><br>   v.<br><br>FELD ENTERTAINMENT, INC., et al.,<br><br>        Defendants. | Case No.:  13-CV-03135-LHK<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS |

Defendant Feld Entertainment, Inc. ("Feld") moves to dismiss six of the eight causes of action in Plaintiff Joseph Cuviello's ("Plaintiff") First Amended Complaint ("FAC") pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and (6).  ECF No. 13 ("Motion"). Specifically, Feld moves to dismiss the following causes of action: (1) violation of Article I, Section 2; (2) assault and battery; (3) negligent supervision; (4) violation of California Penal Code Section 632(a) (eavesdropping); (5) violation of City of Oakland Ordinances pursuant to California Government Code Section 36900; and (6) injunction. *See* Motion.  The Court held a hearing on this motion on March 20, 2014.  Having considered the parties' arguments, the relevant law, and the record in this case, the Court hereby GRANTS IN PART AND DENIES IN PART Feld's Motion.

## I.      BACKGROUND

### A.     Factual Allegations[1]

Plaintiff is a member of Humanity Through Education ("HTE"), a San Francisco Bay Area grassroots group dedicated to the humane treatment of animals and educating the public about the abuse and mistreatment of animals in circuses.  FAC ¶ 12.  Plaintiff holds signs and banners and offers to the public informational leaflets about the condition and treatment of animals kept by circuses, such as Ringling Bros. and Barnum & Bailey Circus ("Circus").  *Id*.  Feld owns and produces Circus.  FAC ¶ 7.  Plaintiff also videotapes such treatment of animals used by circuses to educate the public, and provide news media information about the abuse and mistreatment of animals by circuses.  FAC ¶ 12.  Plaintiff has been organizing demonstrations against the circuses, leafleting the circuses' patrons since 1988, and videotaping the circuses' treatment of animals since 1989.  FAC ¶ 18.  Plaintiff, along with other HTE members, has videotaped the treatment of animals by Circus in numerous California cities and other cities across the country.  FAC ¶¶ 19 and 20.

Circus performs annually in the San Francisco Bay Area in August and September.  FAC ¶ 22.  Two or three days before the first performance, Circus's employees bring the animals via railroad to the city in which they are performing and then unload the animals from the train and walk the animals down the public streets to the arenas where they perform (the "animal walk").  FAC ¶ 23.  After the last scheduled performance at the arenas, Circus's employees walk the animals back to the train.  *Id*.  In between performances, Circus keeps the animals in a compound when the animals are not performing ("animal compound").  FAC ¶ 24.  Every year, Plaintiff offers informational leaflets to patrons of every Circus performance in the Bay Area.  FAC ¶ 25.  Plaintiff also videotapes (1) the treatment and living conditions of animals used by Circus before, during, and after shows and (2) the treatment and living conditions of the animals while on the train, being loaded and unloaded from the train and being walked to and from the arenas.  *Id*.

Plaintiff alleges that Circus has a "policy and practice . . . to intentionally interfere with Plaintiff's free speech rights for the purpose of interfering with and chilling Plaintiff in the exercise

---

[1] The Court draws the following facts from Plaintiff's FAC, which the Court accepts as true for the purposes of determining Feld's Motion to Dismiss.

Case No.: 13-CV-03135-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

of his constitutionally-protected rights." FAC ¶ 30. Plaintiff alleges that for the past several years, Circus's employees engage in physical assaults and attempts to block Plaintiff's cameras while Plaintiff attempts to videotape the animals. FAC ¶ 27.

### B. Procedural History

On July 8, 2013, Plaintiff, appearing pro se, filed his original Complaint asserting eight causes of action: (1) violation of Article I, Section 2 of the California Constitution; (2) assault and battery; (3) violation of California Civil Code 51.7 (right to be free from violence against property or person); (4) violation of California Civil Code 52.1 (interference with rights); (5) negligent supervision; (6) California Penal Code Section 632(a) (eavesdropping); (7) violation of Oakland City Ordinances pursuant to California Government Code Section 36900; and (8) injunction. ECF No. 1. On October 1, 2013, prior to any defendant filing a response to Plaintiff's original Complaint, Plaintiff filed his First Amended Complaint ("FAC"), which asserted the same eight causes of action as his original Complaint. ECF No. 9.

On October 31, 2013, Feld filed a Motion to Dismiss the FAC. ECF No. 13 ("Mot."). Feld moves to dismiss only six of the eight causes of action asserted in the FAC: (1) violation of Article I, Section 2 of the California Constitution; (2) assault and battery; (3) negligent supervision; (4) California Penal Code Section 632(a) (eavesdropping); (5) violation of Oakland City Ordinances pursuant to California Government Code Section 36900; and (6) injunction. *See id.* On November 14, 2013, Plaintiff filed an opposition and a supporting Request for Judicial Notice. ECF Nos. 16 and 16-1.[2] On November 21, 2013, Feld filed a reply. ECF No. 17.

---

[2] Plaintiff filed a Request for Judicial Notice in conjunction with his Opposition. ECF No. 16-1 ("Opp'n RJN"). This request asks the Court to take judicial notice of documents filed in the U.S. District Court, Northern District of California: (1) the Second Amended Complaint in *Bolbol, et al. v. Feld Entertainment, Inc., et al.*, Case No. 5:11-cv-05539-PSG; and (2) the Judgment in *Bolbol*, in which the Court entered judgment in favor of Feld. Feld does not oppose this request. A court may judicially notice a fact if it is either "generally known within the trial court's jurisdiction" or "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court finds that the documents for which Plaintiff requests judicial notice are not subject to reasonable dispute and are proper subjects of judicial notice. *See Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of court documents already in the public record and documents filed in other courts). Thus, the Court GRANTS Plaintiff's Request for Judicial Notice.

Case No.: 13-CV-03135-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

## II.     LEGAL STANDARDS

### A.     Rule 12(b)(1)

A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  A motion to dismiss for lack of subject matter jurisdiction will be granted if the complaint on its face fails to allege facts sufficient to establish subject matter jurisdiction.  *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).  In considering a Rule 12(b)(1) motion, the Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).  At the motion to dismiss stage, the plaintiff bears the burden of establishing the court's jurisdiction through allegations of "specific facts plausibly explaining" why the standing requirements are met.  *Barnum Timber Co. v. United States Envtl. Prot. Agency*, 633 F.3d 894, 899 (9th Cir. 2011).  If the plaintiff lacks standing under Article III of the U.S. Constitution, then the court lacks subject matter jurisdiction, and the case must be dismissed.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998).

### B.     Rule 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (internal quotation marks omitted).  For purposes of ruling on a Rule 12(b)(6) motion, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d

4

1025, 1031 (9th Cir. 2008). Moreover, pro se pleadings are to be construed liberally. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[I]n general, courts must construe pro se pleadings liberally.").

However, a court need not accept as true allegations contradicted by judicially noticeable facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and the "[C]ourt may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor is the court required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678. Furthermore, "a plaintiff may plead herself out of court" if she "plead[s] facts which establish that [s]he cannot prevail on h[er] . . . claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (internal quotation marks omitted).

## C. Leave to Amend

If the Court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "should be freely granted when justice so requires," bearing in mind that "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Furthermore, the Court "has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Nonetheless, a court "may exercise its discretion to deny leave to amend due to 'undue

5

delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party. . . , [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## III.    DISCUSSION

Plaintiff's FAC asserts eight causes of action. *See* ECF No. 9. Feld, however, only moves to dismiss six of those eight causes of action pursuant to Rules 12(b)(1) and (6): (1) violation of Article I, Section 2 of the California Constitution; (2) assault and battery; (3) negligent supervision; (4) eavesdropping pursuant to California Penal Code Section 632(a); (5) violation of Oakland City Ordinances pursuant to California Government Code Section 3690; and (6) injunction. *See* Mot. The Court discusses each cause of action in turn.

### A.    Article I, Section 2 Claim

Feld argues that Plaintiff's Article I, Section 2 claim fails as a matter of law because Plaintiff "has failed to allege that there is state action involved, nor has he asserted that state actors are part of this lawsuit." Mot. at 7. Plaintiff does not oppose. *See* Opp'n at 4-5. In fact, Plaintiff voluntarily dismisses the Article I, Section 2 claim in light of the Court's October 4, 2013, Order Granting-In-Part and Denying-In-Part Feld Entertainment Inc., Mike Stuart, and David Bailey's Motion to Dismiss Shannon Campbell's and Mark Ennis's Second Amended Consolidated Complaint. *Id.* In the October 4, 2013 Order, the Court dismissed the plaintiffs' Article I, Section 2 claim for failure to allege state action. *Campbell v. Feld Ent'mt, Inc.*, Case Nos. 12-CV-4233-LHK and 13-CV-0233-LHK, 2013 U.S. Dist. LEXIS 145495, at *24-25 (N.D. Cal. Oct. 4, 2013). Accordingly, the Court dismisses Plaintiff's Article I, Section 2 claim with prejudice.

### B.    Assault and Battery

In his Motion, Feld argues that the assault and battery claim "must be dismissed and repled" because assault and battery are two distinct claims and "Plaintiff lumps two distinct causes of action, against two different defendants, in with three alleged incidents." Mot. at 12. Feld thus argues that it is: (1) unclear from the FAC which of the three alleged incidents in FAC ¶ 58 constitutes assault and which constitutes battery; and (2) unclear which of the three alleged

6

incidents Plaintiff contends constitutes a claim against Feld and which against Del Moral. Mot. at 13.

Assault is "a demonstration of an unlawful intent by one person to inflict immediate injury on the person of another then present." *Plotnik v. Meihaus*, 208 Cal. App. 4th 1590, 1603-04 (2012). Meanwhile, battery is "any intentional, unlawful and harmful contact by one person with the person of another." *Ashcraft v. King*, 228 Cal. App. 3d 604, 611 (1991). Assault and battery are two conceptually distinct causes of action. *Brown v. Ransweiler*, 171 Cal. App. 4th 516, 523 n. 6 (2009). Therefore, these two claims should be separately stated. *See Garcia v. City of Merced*, 637 F. Supp. 2d 731, 748 (E.D. Cal. 2008) (stating that assault and battery should be separately stated).

Here, Plaintiff asserts a "tort of assault and battery" cause of action against Feld, Circus employee Lorenzo Delmoral, and Feld employees Does 1-10. FAC at 12. Plaintiff alleges that "Defendants' employees' conduct was extreme and outrageous when: (1) on July 8, 2012 in Fresno California, they intentionally and offensively threw a plastic bottle and wooden sticks at Plaintiff's camera, with total disregard for the fact that the bottle and sticks could have easily hit [Plaintiff]; (2) on August 7, 2012 in Oakland, California, intentionally and offensively used force to push the rope and their bodies against [Plaintiff]; and (3) [Delmoral] used force to intentionally physically and violently slam into Plaintiff." FAC ¶ 58. Plaintiffs further allege that, "[a]s a result of Defendants' conduct, Plaintiff was assaulted and battered." *Id*. Because Plaintiff's FAC combines both assault and battery into one cause of action, it is unclear which of the three incidents Plaintiff alleges constitute assault and which constitute battery. Further, Plaintiff does not specify which of the defendants (Feld, Delmoral, and/or Does 1-10) were involved in two of the three alleged incidents. As to the July 8, 2012 and the August 7, 2012 incidents, Plaintiff's allegations appear to only refer to the specific defendant(s) involved as "Defendants" and "they." Indeed, Plaintiff does not dispute Feld's arguments and apparently concedes: "If necessary, Plaintiff can amend his FAC to clarify the incidents that constitute assault and the incidents that constitute battery, and the defendants that should be held liable for each incident." Opp'n at 15.

Accordingly, the Court dismisses Plaintiff's assault and battery claim. Because Plaintiff may allege additional facts to cure the deficiencies set forth above, the Court grants Plaintiff leave to amend.

## C. Negligent Supervision

Feld asserts that Plaintiff has failed to allege facts supporting a claim for negligent supervision because: (1) "Plaintiff has not and cannot plead that [Feld] had reason to believe any of its employees were unfit or incompetent at the time they were hired," Mot. at 8; and (2) Feld was not "put on notice that its employees were unfit or could not be trusted to act properly," *id.*

"An employer may be liable to a third person for the employer's negligence in hiring or retaining an employee who is incompetent or unfit." *Delfino v. Agilent Tech., Inc.*, 145 Cal. App. 4th 790, 815 (2006). "Negligence liability will be imposed upon the employer if it knew or should have known that hiring the employee created a particular risk or hazard and that particular harm materializes." *Id.* (internal quotations and citations omitted). "[T]here can be no liability for negligent supervision in the absence of knowledge by the principal that the agent or servant was a person who could not be trusted to act properly without being supervised." *Juarez v. Boy Scouts of America*, 81 Cal. App. 4th 377, 395 (2000) (internal citations and quotations omitted). Negligent supervision creates direct liability; it is distinct from an employer's vicarious liability for the actions of the employer's employees within the scope of employment. *See Delfino*, 145 Cal. App. 4th. at 815.

Here, Plaintiff does not allege that Feld had reason to believe that its employees were unfit or incompetent at the time they were hired. Mot. at 8. Rather, Plaintiff alleges that Feld is liable for negligent supervision because "[Feld] was aware that Plaintiff and his partner, Deniz Bolbol[,] had filed a lawsuit alleging violation of [Plaintiff's and Bolbol's] rights pursuant to [Feld]'s employees['] past actions targeting Plaintiff, and other activists." FAC ¶ 69.[3] However, Plaintiff fails to allege additional facts to show how Plaintiff's prior lawsuit, by itself, sufficed to put Feld

---

[3] Plaintiff's complaint in the prior lawsuit asserted five causes of action: (1) Violation of Article 1, Section 2(a) of the California Constitution; (2) Violation of Civil Code 51.7 (right to be free from violence against property or person); (3) Intentional Infliction of Emotional Distress; (4) Violation of Civil Code 52.1 (Interference with Rights); and (5) Injunction. Opp'n RJN Ex. A.

on notice that Feld's employees were "incompetent," "unfit," or "could not be trusted to act properly without being supervised." In fact, Plaintiff's lawsuit resulted in a jury verdict *in favor* of Feld, Opp'n RJN Ex. B, thus suggesting that Feld's employees were not "incompetent," were not "unfit," and "could [] be trusted to act properly without being supervised." Plaintiff has not cited any authority in support of his assertion that Feld's knowledge of Plaintiff's prior lawsuit constitutes Feld's knowledge or reason to believe that Feld's employees were incompetent, were unfit, or could not be trusted to act properly without being supervised for purposes of a negligent supervision claim. Accordingly, the Court dismisses Plaintiff's negligent supervision claim. Because Plaintiff may allege additional facts to show that Feld knew or should have known that Feld's employees were incompetent, were unfit, or could not be trusted to act properly without being supervised, the Court grants Plaintiff leave to amend.

### D.     Eavesdropping Under California Penal Code Section 632(a)

Feld contends that Plaintiff's claim for eavesdropping must be dismissed because: (1) the FAC never actually pleads that a confidential conversation was secretly recorded or subject to eavesdropping; and (2) Plaintiff alleges facts that demonstrate the conversation at issue was not confidential. Reply at 4.

Section 632(a) of the California Penal Code prohibits the recording of a confidential communication without consent. In order to prevail, the plaintiff must show that the defendant: (1) intentionally, (2) without the consent of all the parties, (3) recorded by means of any electronic amplifying or recording device, (4) a confidential communication. *Thomas v. Costco Wholesale Corp.*, Case No.: SACV 13-0275-DOC (JPRx), 2014 U.S. Dist. LEXIS 27527, at *30-31 (C.D. Cal. Mar. 3, 2014) (citing Cal. Pen. Code § 632(a)).

Here, Plaintiff alleges that during his conversation with Ennis, Woolbrach "had put up his camera right up near the back of Plaintiff's head *in an attempt to record* Plaintiff's private conversation with Ennis," FAC ¶ 47 (emphasis added), and that Woolbrach "interfered with Plaintiff's right to engage in a private conversation" with Ennis. *See* FAC ¶¶ 47, 74. These allegations do not sufficiently allege a recording as required by the third element of Section 632(a).

9

1   Accordingly, the Court need not reach Feld's other arguments as to this claim and dismisses this

2   claim with leave to amend so that Plaintiff may cure the deficiency set forth above.

3       **E.    Violations of Oakland City Ordinances**

4       Plaintiff asserts a cause of action for violations of Oakland, California Municipal

5   Ordinances (1) 9.08.170 (loitering on public sidewalk or walkway), (2) 12.44.080 (conducting a

6   parade without a permit), and (3) 12.08.060 (failing to obtain a permit from the Chief of Police for

7   a short-term encroachment) pursuant to California Government Code Section 36900.  *See* FAC at

8   16.  Plaintiff alleges that, "Defendants intentionally did not obtain a permit to conduct a parade and

9   block off the public street and sidewalk and interfere with pedestrian traffic on August 7, 2012."

10  FAC ¶ 77.  Feld argues, though, that Plaintiff's claim for violations of Oakland's Municipal Code

11  provisions must be dismissed because "Plaintiff does not enjoy [] limited standing here nor do the

12  cited ordinances specifically authorize such a private right of action here."  Mot. at 10.  Essentially,

13  Plaintiff must be a member of a particular class of persons the ordinance sought to protect or have

14  suffered special injury.  Mot. at 10-12.  The Court disagrees with Feld.

15      Section 36900(a) provides that "[t]he violation of a city ordinance may be prosecuted by

16  city authorities in the name of the people of the State of California, or redressed by civil action."

17  Courts have held that there is a private right of action under Section 36900(a) to redress violations

18  of city ordinances.  *See, e.g.*, *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1181 n.10

19  (2008); *Huntington Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.*, 129 Cal. App.

20  4th 1228, 1263-64 (2005); *Riley v. Hilton Hotels Corp.*, 100 Cal. App. 4th 599, 607 (2002).

21  Section 36900, however, does not expressly limit standing to those who have suffered "special

22  injury" or were "members of a particular class of persons the ordinance sought to protect."  *See*

23  Cal. Gov. Code § 36900.

24      Here, Feld cites to a California appellate case which stated that "citizens of a municipality

25  ordinarily have limited standing to enjoin violations of a municipal ordinance, absent authorization

26  in the ordinance itself."  *Major v. Silna*, 134 Cal. App. 4th 1485, 1498 (2005) (emphasis added).

27  *Major*, however, did not refer to Section 36900; it referred to California Civil Code Section 3369

28  ("[n]either specific nor preventive relief can be granted … to enforce a penal law, except in a case

of nuisance or as otherwise provided by law.") and California Civil Code Section 3493 ("[a] private person may maintain an action for a public nuisance, if it is specially injurious to himself, but not otherwise."). *Id*. Feld also cites to *Sapiro v. Frisbie*, a California appellate case which stated that, "[i]t is a well-established and commonly recognized general rule that where a right is given by statute or municipal ordinance to a particular class of persons and for their special protection, and not merely for the protection of the public at large, a liability is thereby created in favor of any such particular class as against any person who violates such right and as a result injures the person or property of the former, which liability may be enforced by means of a civil action or civil remedy appropriate to the circumstances peculiar to the particular case." 93 Cal. App. 299, 305-06 (1928) (emphasis added). Finally, Feld cites to other California cases where courts required "special injury" or "exceptional damage" for plaintiff to assert a claim based on violation of ordinances. *See* Mot. at 11.[4] None of these cases, however, refer to Section 36900.

The Court finds that the three cases Plaintiff cites in his Opposition, which refer to Section 36900, are more probative in determining whether Plaintiff must be a member of a particular class of persons the ordinance sought to protect or has suffered "special injury" to sue under Cal. Gov. Code § 36900: (1) *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157 (2008); (2) *Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.*, 129 Cal. App. 4th 1228 (2005); and (3) *Riley v. Hilton Hotels Corp.*, 100 Cal. App. 4th 599, 607 (2002). *See* Opp'n at 13. None of the plaintiffs in these three cases were required to show special injury or membership in a particular class of persons the ordinance sought to protect, to be able to sue based on violations of ordinances pursuant to Section 36900. *See Amaral*, 163 Cal. App. 4th at 1181 n.10 (stating that "[e]nforcement measures for the Living Wage Ordinance (LWO) include a private right of action for aggrieved employees and penalties under Government Code section 36900"); *Huntingdon*, 129 Cal. App. 4th at 1263-64 ("Government Code section 36900, subdivision (a), however expressly

---

[4] Feld cites to the following cases: (1) *Koll-Irvine Center Property Owners Assn. v. County of Orange*, 24 Cal. App. 4th 1036, 1039–1043 (1994); (2) *Taliaferro v. Salyer*, 162 Cal. App. 2d 685, 691 (1958); (3) *Stegner v. Bahr & Ledoyen, Inc.*, 126 Cal. App. 2d 220, 231–232 (1954); (4) *Perrin v. Mountain View Mausoleum Assn.*, 206 Cal. 669, 674 (1929); and (5) *Pacifica Homeowners' Assn v. Wesley Palms Retirement Community*, 178 Cal. App. 3d 1147, 1151 (1986).

11

Case No.: 13-CV-03135-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

provides that a violation of a city ordinance may be redressed by civil action."); *Riley*, 100 Cal.
App. 4th at 607 (declining to read into the Municipal Code "an intent to create an impermissible
conflict with state law by abrogating the right to a civil action created by [Section 36900]").

In its Reply, Feld argues that *Amaral*, *Huntingdon*, and *Riley* "reiterate that a private citizen
may seek to enforce violations of municipal provisions *only if* he is a member of a particular class
of persons for which the municipal code provision was enacted to protect." Reply at 7-9 (emphasis
added). However, as set forth above, *Amaral*, *Huntingdon*, and *Riley* did not require that the
plaintiff show special injury or membership in a particular class to sue under Section 36900.
Moreover, at the March 20, 2014 hearing, Feld conceded that Feld cannot point to a case in which
the court dismissed a plaintiff's claim under Section 36900 because the plaintiff did not suffer
special injury or belong to a protected class. *See* Tr. at 41-42.

Feld fails to show that Plaintiff is required to show that Plaintiff has suffered special injury
or belonged to a particular class the ordinance is designed to protect in order to assert a claim under
Section 36900. The Court thus finds no basis to impose such obligations here. Accordingly, the
Court DENIES Feld's motion to dismiss Plaintiff's claim for violations of Oakland City ordinances
pursuant to California Government Code Section 36900.

### F. Injunction

Feld contends that Plaintiff's injunction claim must be dismissed because injunction is a
remedy, not a cause of action. Mot. at 12. The Court agrees with Feld.

Under California law, an injunction is a "writ or order commanding a person either to
perform or to refrain from performing a particular act." *McDowell v. Watson*, 59 Cal. App. 4th
1155, 1160 (1997). Federal and California courts have held that "injunction is a remedy, not a
cause of action." *See, e.g.*, *Lutz v. CBRE Group, Inc.*, Case No. 3:12-CV-2625-JM (DHB), 2013
U.S. Dist. LEXIS 114315, at *23 (S.D. Cal. Aug. 13, 2013) (stating that "[a]s injunctive relief is a
type of relief, [defendant's] motion is granted without leave to amend as to this "claim."); *Roberts
v. Los Angeles County Bar Assn.*, 105 Cal. App. 4th 604, 618 (2003) (noting plaintiff's non-
opposition to argument that cause of action for injunction was improper because an injunction is a

Case No.: 13-CV-03135-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

remedy rather than a cause of action); *McDowell*, 59 Cal. App. 4th at 1159 (1997) (stating that "injunctive relief is a remedy and not, in itself a cause of action").

Here, Plaintiff alleges injunction as a cause of action. In support, Plaintiff inexplicably argues that the *McDowell* court "acknowledged that injunctive relief can be considered a cause of action . . ." *Id.* However, Plaintiff's argument directly contradicts the *McDowell* Court and other federal and California courts as set forth above. Accordingly, because injunction is a remedy, and not a cause of action, the Court dismisses Plaintiff's injunction claim with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART Feld's Motion to Dismiss as follows:

(1) The Court GRANTS Feld's motion to dismiss Plaintiff's Article I, Section 2 claim with prejudice;

(2) The Court GRANTS Feld's motion to dismiss Plaintiff's assault and battery claim with leave to amend;

(3) The Court GRANTS Feld's motion to dismiss Plaintiff's negligent supervision claim with leave to amend;

(4) The Court GRANTS Feld's motion to dismiss Plaintiff's eavesdropping claim under California Penal Code Section 632(a) with leave to amend;

(5) The Court DENIES Feld's motion to dismiss Plaintiff's violation of Oakland City ordinances claim; and

(6) The Court GRANTS Feld's motion to dismiss Plaintiff's injunction claim with prejudice.

Should Plaintiff elect to file a Second Amended Complaint addressing the deficiencies discussed herein, Plaintiff shall do so within 21 days of the date of this Order. Plaintiff's failure to cure the deficiencies identified in this Order will result in a dismissal of these claims with prejudice. Plaintiff may not add new claims or parties without leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

13

1

Dated: April 7, 2014

2

*Lucy H. Koh*

3

LUCY H. KOH
United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28