1  PETER H. MASON (BAR NO. 71839)
   peter.mason@nortonrosefulbright.com
2  TODD M. SORRELL (BAR NO. 175143)
   todd.sorrell@nortonrosefulbright.com
3  TARIFA LADDON (BAR NO. 240419)
   tarifa.laddon@nortonrosefulbright.com
4  **FULBRIGHT & JAWORSKI LLP**
   555 South Flower Street
5  Forty-First Floor
   Los Angeles, California 90071
6  Telephone:   (213) 892-9200
   Facsimile:   (213) 892-9494
7
   JAMES McMANIS (Bar No. 40958)
8  GREGORY WARD (Bar No. 29427)
   RUBY H. KAZI (Bar No. 243872)
9  rkazi@mcmanislaw.com
   TYLER ATKINSON (Bar No. 257997)
10 tatkinson@mcmanislaw.com
   **McMANIS FAULKNER**
11 a Professional Corporation
   50 West San Fernando Street, 10th Floor
12 San Jose, California 95113
   Telephone:   (408) 279-8700
13 Facsimile:   (408) 279-3244

14 Attorneys for Defendants
   FELD ENTERTAINMENT, INC. (dba RINGLING
15 BROS. AND BARNUM & BAILEY CIRCUS),
   LORENZO DEL MORAL, AND GEOFFREY TAYLOR

16

17               IN THE UNITED STATES DISTRICT COURT

18              FOR THE NORTHERN DISTRICT OF CALIFORNIA

19                          SAN JOSE DIVISION

| | |
|---|---|
| 20  JOSEPH CUVIELLO, Individually, | Case No. 5:13-cv-03135-LHK |
| 21        Plaintiff, | Related to Case Nos: 5:12-cv-04233-LHK and 5:13-cv-00233-LHK |
| 22        v. | **DEFENDANT GEOFFREY TAYLOR'S NOTICE OF MOTION AND MOTION** |
| 23  FELD ENTERTAINMENT INC., (dba RINGLING BROS. AND BARNUM & | **TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT AND FOR** |
| 24  BAILEY CIRCUS), RINGLING BROS. CIRCUS EMPLOYEE LORENZO | **MISJOINDER** |
| 25  DELMORAL, GEOFF TAYLOR and DOES 1 through 10, Jointly and Severally, | **[Fed. R. Civ. P. 12(b)(6); 21]** |
| 26        Defendants. | Date: January 15, 2015<br>Time: 1:30 p.m. |
| 27 | Ctrm: 8 |
| 28 | Complaint Filed: 07/08/13 |

TO PLAINTIFF PRO SE, JOSEPH CUVIELLO:

PLEASE TAKE NOTICE that on January 15, 2015, at 1:30 p.m., or as soon thereafter as this matter may be heard in Courtroom 8 of the above-entitled court located at the 280 S. First Street, San Jose, California 95113, defendant Geoffrey Taylor ("Taylor") will and hereby does move the Court for an order dismissing Plaintiff Joseph Cuviello's ("Plaintiff") Fifth Cause of Action (the only claim asserted against Taylor) (1) on the basis that the Third Amended Complaint does not state facts sufficient to establish a claim against Taylor for violation of California Penal Code § 632(a); and (2) Taylor, a non-diverse dispensable party, has been misjoined to this litigation.

This motion will be based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the pleadings, records and papers on file herein, and on such other and further matters as may be presented to the Court on or before the date of this hearing.

Dated: September 24, 2014

PETER H. MASON
TODD M. SORRELL
TARIFA LADDON
**FULBRIGHT & JAWORSKI LLP**


By   /s/ PETER H. MASON
   PETER H. MASON
   Attorneys for Defendants
   FELD ENTERTAINMENT, INC. (dba
   RINGLING BROS. AND BARNUM &
   BAILEY CIRCUS), LORENZO DEL
   MORAL, AND GEOFFREY TAYLOR

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. PROCEDURAL HISTORY .......................................................................................... 1

III. PERTINENT FACTUAL ALLEGATIONS ................................................................. 3

IV. LEGAL STANDARD FOR DISMISSAL .................................................................... 4

V. PLAINTIFF'S CLAIM FOR EAVESDROPPING MUST BE DISMISSED ................ 5

VI. TAYLOR SHOULD BE DISMISSED FROM THE COMPLAINT
AS A NON-DIVERSE, DISPENSABLE PARTY ......................................................... 7

VII. CONCLUSION ............................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

In re Allustiarte,
    786 F.2d 910 (9th Cir. 1986)..................................................................................8

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)............................................................................................4

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007)............................................................................................4

Casas Office Machine, Inc. v. Mita Copystar America, Inc.,
    42 F. 3d 668 (1st Cir. 1994)................................................................................7

Conservation Force v. Salazar,
    646 F.3d 1240 (9th Cir. 2011).............................................................................4

Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.,
    819 F.2d 1519 (9th Cir. 1987).............................................................................7

Eldredge v. Carpenters, 46 N. Cal. Cntys Joint Apprenticeship & Training Room,
    662 F.2d 534 (9th Cir. 1981)...............................................................................8

Faulkner v. ADT Sec. Servs.,
    706 F.3d 1017 (9th Cir. 2013).............................................................................6

Flanagan v. Flanagan,
    27 Cal. 4th 766 (2002) .......................................................................................6

German v. Fed. Home Loan Mortg. Corp.,
    896 F.Supp 1385, 1400 (S.D.N.Y. 1995)............................................................9

Johnson v. Mitchell,
    2012 WL 691765 (E.D. Cal. March 2, 2012.)....................................................8

Knappenberger v. City of Phoenix,
    566 F.3d 936 (9th Cir. 2009)...............................................................................4

Lieberman v. KCOP Television, Inc.,
    110 Cal. App. 4th 156, 168 (2003) .................................................................5, 6

In re Merrill Lynch & Co. Res. Reporter Sec. Litig.,
    214 FRD 152, 154-55 (S.D.N.Y. 2003).............................................................9

Newman-Green v. Alfonzo-Larrain,
    490 U.S. 826 (1989)............................................................................................7

# TABLE OF AUTHORITIES
(continued)

**Page**

Peviani, et al. v. Hostess Brands, Inc., et al.,
    750 F. Supp. 2d 1111 (C.D. Cal. 2010) ......................................................................... 4

**Rules and Statutes**

Cal. Pen. Code § 632(a) ........................................................................................... 1, 3, 5, 6

Cal. Pen. Code § 632(c) ........................................................................................................ 5

Fed. R. Civ. P. 12(b)(6) ..................................................................................................... 6, 9

Fed. R. Civ. P. 19(a) ............................................................................................................. 8

Fed. R. Civ. P. 19(b) ............................................................................................................. 8

Fed. R. Civ. P. 21 ..................................................................................................... 7, 9, 10

**Treatises**

Moore's Fed. Practice § 21.02[5][a] ..................................................................................... 9

Wright, Miller & Howe § 1688.1 ......................................................................................... 9

DOCUMENT PREPARED ON RECYCLED PAPER

# I.

# INTRODUCTION

Defendant Geoff Taylor ("Taylor") brings this motion to dismiss on the grounds that 1) Plaintiff Joseph Cuviello's ("Plaintiff") Fifth Cause of Action in his Third Amended Complaint ("TAC"), the only claim in the TAC asserted against Taylor, fails to state facts that would establish that Taylor recorded Plaintiff's "confidential communication," which is an essential element of Plaintiff's claim for illegal eavesdropping in violation of California Penal Code § 632(a); and 2) Taylor, a non-diverse and dispensable party, has been improperly joined in this litigation, thereby requiring the Court to dismiss Taylor from this proceeding. As detailed below, the purported recording by Taylor of Cuviello of an alleged confidential communication Cuviello was having while he was on the public street at the San Jose Arena and engaged in the very open and public activity of videotaping defendant Feld Entertainment Inc.'s ("FEI") animals, cannot, as a matter of law, be deemed confidential for the purpose of the application of the California Penal Code. Further, the joinder of Taylor over a year after this case was filed, and after substantial activity in this case has occurred, is improper. Given his status as a non-diverse and dispensable party, the Court should, at this late date, with discovery set to close in six (6) weeks, dismiss Taylor from this litigation.

# II.

# PROCEDURAL HISTORY

Plaintiff filed his original complaint in District Court on July 13, 2013. (Dkt. #1.) In his complaint, he named as defendants FEI, and individuals Mike Stuart, David Bailey, Lorenzo Del Moral ("Del Moral"), and Jake Woolbrach ("Woolbrach"). Plaintiff asserted diversity as the basis for federal court jurisdiction. On October 1, 2013, Plaintiff filed his First Amended Complaint wherein he, *inter alia*, dropped Mike Stuart and David Bailey as defendants. (Dkt #9.) Plaintiff continued to assert in the First Amended Complaint diversity as the basis for federal jurisdiction.

On October 31, 2014, FEI filed its motion to dismiss the First Amended Complaint, asserting, *inter alia,* that Plaintiff's (then) Sixth Cause of Action for Violation of California Penal

DOCUMENT PREPARED
ON RECYCLED PAPER

Code Section 632(a) (illegal eavesdropping) failed to state a claim because Plaintiff failed to allege that an actual recording occurred, and that the purported recorded conversation was not "confidential" in nature as a matter of law.

On April 4, 2014, this Court issued an Order Granting in Part and Denying in Part the Motion to Dismiss. (Dkt. #37.) As to the Sixth Cause of Action for illegal eavesdropping, the Court granted the motion with leave to amend, ruling that Plaintiff had failed to allege an actual recording as required by section 632(a).

On April 28, 2014, Plaintiff filed his Second Amended Complaint (Dkt. #38) against FEI, Del Moral and Woolbrach, again asserting diversity as the basis for federal court jurisdiction. On May 12, 2014, FEI and Del Moral filed their Answer to the Second Amended Complaint. (Dkt. #39.) During this time, and thereafter to the present date, the parties have been engaging in active written and deposition discovery pursuant to the Case Management Order entered on March 24, 2014. (Dkt. #36.)

On July 31, 2014, Plaintiff and Defendants FEI and Del Moral stipulated that Plaintiff could file his Third Amended Complaint ("TAC") for the sole purpose of substituting Taylor for defendant Jake Woolbrach. Said stipulation recited that FEI and Del Moral agreed to the filing of the TAC on the basis that their stipulation would **not** be construed or cited in any manner to support the position that FEI and Del Moral have waived the right to assert, *inter alia*, that Taylor is not a proper party to the lawsuit. (Dkt. #45.) The Stipulation also recited that FEI and Del Moral would not have to file an additional responsive pleading to the TAC. On August 1, 2014, this Court entered an Order based upon the Stipulation. (Dkt. #46.) In Plaintiff's TAC, now asserted against FEI, Del Moral, and Taylor, Plaintiff has again asserted diversity as the basis for federal court jurisdiction. (Dkt. #49.)

On September 2, 2014, Plaintiff filed a proof of service indicating that a summons for the TAC was served upon Taylor on August 22, 2014. (Dkt. #50.) On September 12, 2014, Taylor filed a motion to enlarge the time for him to respond to the TAC. (Dkt. #51.) Over Plaintiff's objection (Dkt. #54), on September 16, 2014, the Court granted Taylor's motion to enlarge the time to respond to the TAC until September 24, 2014. (Dkt. #55.) Taylor's motion to dismiss

and for misjoinder now follows.

## III.

## PERTINENT FACTUAL ALLEGATIONS

As this motion is focused upon a single cause of action in the TAC (Count V – Violation of California Penal Code Section 632(a) (eavesdropping)), the recitation of factual allegations, which must be taken as true only for purposes of this motion, is correspondingly so limited.

Plaintiff alleges that he is an animal rights activist, and a member of Humanity Through Education ("HTE"), a San Francisco grassroots group allegedly "dedicated to the humane treatment of animals and educating the public about the abuse and mistreatment of animals in circuses." (TAC, ¶¶ 5, 12.) Plaintiff's alleged activist activities include leafleting and videotaping the treatment of animals used by circuses, including Asian elephants. (Id. at ¶¶ 12-13.) Plaintiff has videotaped the treatment of animals by FEI in various cities in California, including San Jose, Oakland, Daly City, Sacramento, Stockton, San Diego, Los Angeles, and Fresno. (Id. at ¶ 19.) Plaintiff has been "organizing demonstrations against the circus, leafleting the circus' patrons and videotaping the circus' treatment of animals since 1988 and 1989 respectively." (Id. at ¶ 18.)

Every year, when FEI is performing in these cities, Plaintiff purportedly videotapes the animals "before, during and after the shows" and while "they are on the train, being loaded and unloaded from the train and being walked to and from the arenas." (Id. at ¶ 24.)

Plaintiff alleges that in Oakland, California, on August 7, 2012, for the first time, FEI hired "two professional videographers" to record his activities and other animal activists on the "public streets" while Plaintiff was videotaping the "animal walks" and engaging in leafleting FEI's patrons. (TAC, ¶ 36.)

On August 19, 2012, Plaintiff was at the San Jose Arena in San Jose, California to "demonstrate and video record" FEI's treatment of animals. Plaintiff was standing on the "public sidewalk," attempting to videotape FEI's treatment of its animals over a wall next to the San Jose Arena loading dock. (TAC, ¶ 45.) Plaintiff alleges that while he was standing on the public sidewalk, outside the San Jose Arena, attempting to videotape over the loading dock wall, one of

the videographers, Taylor, put his camera right up near the back of his head and recorded a "private conversation" Plaintiff was purportedly having with a "fellow activist," Mark Ennis. Plaintiff allegedly started "yelling" at Taylor to "get back" and that "he had no right to record a private conversation." (TAC ¶ 48.) Paragraph 48 is the only portion of the TAC alleging the basis of a claim against Taylor. Based upon these facts, Plaintiff has asserted the Fifth Cause of Action against both FEI and Taylor.[1]

## IV.

## LEGAL STANDARD FOR DISMISSAL

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is proper when there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted). Further, a complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

"Leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." Knappenberger v. City of Phoenix, 566 F.3d 936, 942 (9th Cir. 2009) (internal quotation marks omitted); see also Peviani, et al. v. Hostess Brands, Inc., et al., 750 F. Supp. 2d 1111, 1115-16 (C.D. Cal. 2010) ("leave to amend is not required when the pleading could not possibly be cured by the allegation of other facts.").

---

[1] On September 18, 2014, the Court entered an Order based upon a Stipulation (Dkt. #56), that Taylor is only required to respond to the Fifth Cause of Action. (Dkt. #57.)

DOCUMENT PREPARED ON RECYCLED PAPER

# V.

## **PLAINTIFF'S CLAIM FOR EAVESDROPPING MUST BE DISMISSED**

Plaintiff's claim for eavesdropping against Taylor is based upon an alleged violation of California Penal Code 632(a), which states that a person who, "intentionally and without the consent of all parties to a confidential communication," uses any electronic amplifying or recording device to eavesdrop upon or record a confidential communication shall be punished by a fine or imprisonment. Cal. Pen. Code § 632(a). The statute defines "confidential communications" to include "any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto, but excludes a communication made in a public gathering . . ., or in any other circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded." Cal. Pen. Code § 632(c). "[A] communication is not confidential when the parties may reasonably expect other persons to overhear it." Lieberman v. KCOP Television, Inc., 110 Cal. App. 4th 156, 168 (2003).

Here, Plaintiff alleges that "professional videographers" were following and video monitoring Plaintiff and other activists in San Jose on August 19, 2012, while he stood on the public sidewalk during the course of his own videotaping of others. (TAC ¶¶ 45 and 47.) Plaintiff alleges that Taylor placed a video camera close to his head while Plaintiff was talking to fellow activist Mark Ennis. (TAC ¶ 48.) Plaintiff concedes that this incident occurred while he was in the process of videotaping animals at the San Jose Arena and that it occurred on a public street. (Id.) Plaintiff also concedes that videographers routinely followed and filmed his activities throughout the circus's tour of Northern California, much as he has videotaped and recorded the circus tours of Northern California for the last 25 years. (TAC ¶¶ 18, 19, 42, 43).

Because Penal Code section 632(a) excludes communications made in a "public gathering" or in "any other circumstances in which the parties to the communication may reasonably expect that the communication may be overheard or recorded," the statute cannot be interpreted to apply to conversations held on a public street in circumstances where all parties involved were filming and recording each other's behavior. Whether a communication is

confidential is not based on a party's subjective expectation, but on the party's "objectively reasonable expectation that the conversation is not being overheard or recorded." <u>Lieberman</u>, <u>supra</u>, 110 Cal. App. 4th at 1068. Given that the purported communication at issue took place on a public street at an event where both parties were filming and recording each other, Plaintiff could not have had an objectively reasonable expectation that his conversation was not being overheard or recorded. As alleged in the TAC, the purported eavesdropping occurred on a public street while Plaintiff was engaged in a public activity.

Not only does California Penal Code section 632(a) specifically exclude communications made in a public gathering, but also excluded are conversations that occur in "any other circumstances in which the parties to the communication <u>may</u> reasonably expect that the communication may be overheard or recorded." (emphasis added). As noted above, whether a communication is confidential is *not* based on a party's subjective expectation, but on the party's "objectively reasonable expectation that the conversation is not being overheard or recorded." <u>Flanagan v. Flanagan</u>, 27 Cal. 4th 766 (2002); <u>see</u> also <u>Lieberman</u>, <u>supra</u>, 110 Cal. App. 4th at 1068. As such, the statute cannot apply to conversations that admittedly were held on a public street in circumstances where all parties involved were filming and recording each other's behavior during a very public and visible demonstration. (See TAC ¶ 47 (alleging that "professional videographers" were following and video monitoring Plaintiff and other activists in San Jose on August 19, 2012, while Plaintiff stood on a public sidewalk).) Finally, Plaintiff's cause of action for eavesdropping is ripe for dismissal as Plaintiff has no facts—and can plead none given the circumstances—that would lead to the reasonable expectation that his public street conversation was confidential. <u>Faulkner v. ADT Sec. Servs.</u>, 706 F.3d 1017, 1020 (9th Cir. 2013) (affirming trial court's grant of motion to dismiss claim for violation of California Penal Code section 632 because "[t]o prevail against the Rule 12(b)(6) motion, then, [Plaintiff] would have to allege facts that would lead to the plausible inference that his was a confidential communication — that is, a communication that he had an objectively reasonable expectation was not being recorded. [Plaintiff]'s complaint, at least in its present form, does not do so.") In short, if Plaintiff knew that professional videographers were following, monitoring, and videotaping

DOCUMENT PREPARED ON RECYCLED PAPER

him on the public streets during the animal activist demonstrations *precisely as he alleges in the TAC*, there is no reasonable expectation that such conversations were not being overheard. The fifth cause of action for eavesdropping against Taylor must be dismissed from the TAC and, in light of what Plaintiff has already alleged, cannot be cured.

## VI.

## TAYLOR SHOULD BE DISMISSED FROM THE COMPLAINT
## AS A NON-DIVERSE, DISPENSABLE PARTY

Taylor is not a diverse party. (See Declaration of Geoffrey Taylor ¶ 2.) Thus, when Plaintiff sought to add Taylor as a defendant a little over one month ago, and a year after this lawsuit was initiated, Plaintiff arguably destroyed complete diversity which he has alleged continually over the course of this litigation, and in each of the iterations of his complaint, as the basis for federal court jurisdiction.[2] However, the joinder of Taylor so late in the game does not compel that the entire case be dismissed, but rather that the court dismiss Taylor alone from the case pursuant to Fed. R. Civ. P. 21 as a non-diverse, dispensable party.

It has long been held that a District Court may dismiss a dispensable non-diverse party in order to maintain diversity jurisdiction. Newman-Green v. Alfonzo-Larrain, 490 U.S. 826, 832 (1989) ("[I]t is well settled that Rule 21 invests courts with authority to allow a dispensable non-diverse party to be dropped at any time, even after judgment has been rendered.") See also Continental Airlines, Inc. v. Goodyear Tire & Rubber Co., 819 F.2d 1519, 1523 (9th Cir. 1987) ("[I]t is now well settled in this Circuit that practicality prevails over logic and that we may dismiss a dispensable, non-diverse party in order to perfect retroactively the district court's original jurisdiction."); Casas Office Machine, Inc. v. Mita Copystar America, Inc., 42 F. 3d 668, 675 (1st Cir. 1994).

There is no dispute that by substituting Taylor for Woolbrach in his TAC, Plaintiff has altered the prior basis for federal court diversity jurisdiction. But, as the cases cited above hold, that does not compel the dismissal of the entire case for lack of jurisdiction. "[A] less drastic

---

[2] This case was filed originally in federal court and, accordingly, was not subject to removal proceedings.

58109369.2 - 7 -
NOTICE OF MOTION & MOTION TO DISMISS (Case No. 5:13-CV-03135-LHK)

remedy is available here. A court may, in the absence of prejudice to the other parties, dismiss dispensable, non-diverse parties pursuant to [Rule] 21 to cure the jurisdictional defects." Johnson v. Mitchell, 2012 WL 691765 at *7 (E.D. Cal. March 2, 2012.) Such a remedy is particularly appropriate in this instance given the extensive proceedings that have occurred to date and the meritless nature of the single count recently lodged against Taylor.

First, Taylor is clearly a dispensable party. Under the test articulated in this Circuit, the determination of whether a party is indispensable to an action is a "two tiered process." In re Allustiarte, 786 F.2d 910, 918 (9th Cir. 1986). The first step is to determine if the party "must be joined if feasible." If so, that person is a "necessary" party. See id. (citing Fed. R. Civ. P. 19(a)); Eldredge v. Carpenters, 46 N. Cal. Cntys Joint Apprenticeship & Training Room, 662 F.2d 534, 537 (9th Cir. 1981). Under Rule 19(a), a person is necessary if "(1) in his absence complete relief cannot be accorded among existing parties; or (2) he "claims an interest relating to the subject of the action and is so situated that disposing of the action" without him may (i) impair or impede his ability to protect that interest; or (ii) subject an existing party to a substantial risk of incurring multiple or inconsistent obligations. See Fed. R. Civ. P. 19(a). If a necessary person cannot be joined, the court must determine whether he is indispensable. To do so, a court considers the following four factors under Rule 19(b): (1) "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties"; (2) whether prejudice could be lessened or avoided; (3) "whether a judgment rendered in the person's absence would be adequate"; and (4) "whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." Fed. R. Civ. P. 19(b).

In this instance, Taylor is not under any plausible theory a "necessary" party. He is named in only one cause of action that also names FEI. Plaintiff can obtain full relief, if any, against FEI for his alleged eavesdropping claim without the presence of Taylor as a defendant in this action because no injunctive relief is sought for this count. Neither is Taylor claiming an interest in the subject matter of this lawsuit such that the disposition of this case without him would impair his interests. Taylor is simply named as a defendant in a single cause of action that seeks monetary damages against him. Finally, there is no risk that any other party to the lawsuit

will face a substantial risk of incurring multiple or inconsistent obligations if Taylor is dismissed from this litigation. Clearly, Taylor is not a "necessary" party to the lawsuit, and it can proceed without his presence. Because Taylor is not a "necessary" party he is, by definition, not indispensable.

The dismissal of Taylor as a dispensable, non-diverse party in order for the court to retroactively restore its jurisdiction is compelled for an additional reason. As noted above, Plaintiff waited for over a year to amend his complaint to join Taylor as a defendant. During that period of time there has been extensive activity in this case, including a Rule 12 motion to dismiss and subsequent order, substantial written discovery exchanged between the existing defendants and a number of depositions taken. Other depositions will occur between now and the close of discovery on November 7, 2014. Under these circumstances, it would be manifestly unfair for the other defendants to have this court's jurisdiction altered, the lawsuit dismissed and then be subjected to the risk and attendant expense of re-starting this same lawsuit in another forum.

The notion that "principles of fundamental fairness and judicial efficiency" are embodied in the court's exercise of discretion under Fed. R. Civ. P. 21 is well-established. Moore's Fed. Practice § 21.02[5][a]. "[T]his Court has broad discretion to sever claims and parties, so long as in doing so the Court furthers the aims of justice, promotes judicial economy and efficiency, and avoids prejudicing the rights of any party." In re Merrill Lynch & Co. Res. Reporter Sec. Litig., 214 FRD 152, 154-55 (S.D.N.Y. 2003) (quoting German v. Fed. Home Loan Mortg. Corp., 896 F.Supp 1385, 1400 (S.D.N.Y. 1995)). Thus, the timing of an attempt to add or drop a non-diverse defendant may influence a court's exercise of discretion. If the motion to add (or drop) the new party comes too late in the litigation such that it will delay the case or prejudice any of the parties to the action, the courts will "typically" deny a request to add a new party. Wright, Miller & Howe § 1688.1.

These general propositions concerning the court's exercise of discretion under Fed. Civ. P. 21 have direct application here. Plaintiff should not be permitted, at this late date, to add Taylor, thereby destroying complete diversity that results in dismissal of the entire action. Plaintiff does

DOCUMENT PREPARED ON RECYCLED PAPER

not need Taylor's presence in this lawsuit to adjudicate his claims, and defendants should not suffer the prejudice of re-starting and re-doing the litigation from its inception in another forum. The more efficient, better approach is to permit this case, which is nearing the close of discovery, to continue and dismiss Taylor pursuant to Rule 21 which preserve diversity jurisdiction and the proceedings that have occurred to date.

## VII.

## **CONCLUSION**

Based on the foregoing, Taylor respectfully requests that the Court dismiss the Fifth (and only) Cause of Action against him or, in the alternative, that Taylor be dismissed pursuant to Fed. R. Civ. P. 21 without prejudice as a dispensable, non-diverse party.

Dated:  September 24, 2014

PETER H. MASON
TODD M. SORRELL
TARIFA B. LADDON
**FULBRIGHT & JAWORSKI LLP**

By    /s/ PETER H. MASON
 PETER H. MASON
 Attorneys for Defendants
FELD ENTERTAINMENT, INC. (dba RINGLING BROS. AND BARNUM & BAILEY CIRCUS), LORENZO DEL MORAL, AND GEOFFREY TAYLOR

DOCUMENT PREPARED
ON RECYCLED PAPER