UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH P. CUVIELLO, <br><br> Plaintiff, <br> v. <br><br> FELD ENTERTAINMENT INC., et al., <br><br> Defendants. | Case No. 5:13-cv-03135-LHK <br><br> **ORDER DENYING MOTIONS TO QUASH SUBPOENAS AND FOR A PROTECTIVE ORDER** <br><br> **(Re: Docket No. 58)** |

This case involves the propriety of non-party deposition subpoenas where the issuing party is intimately involved in another lawsuit dealing with similar facts against the same third-party witnesses. Although the potential for abuse is inherent in such circumstances, it is not proper to bar relevant discovery in one case simply because it may be improperly used in another. Because the non-party officers have failed to demonstrate that the subpoenas impose an undue burden and are likely to result in specific harm or prejudice, the court denies the motions to quash the subpoenas and for a protective order. The court will, however, limit the depositions as explained below.

**I.**

Under Rule 45, any party may serve a subpoena commanding a non-party to attend and testify at a deposition or to produce designated documents.[1] Any such subpoena is subject to the

---
[1] Fed. R. Civ. P. 45(a)(1)(A)(iii).

1

Case No. 5:13-cv-03135-LHK
ORDER DENYING MOTION TO QUASH SUBPOENAS AND FOR A PROTECTIVE ORDER

relevance requirements set forth in Rule 26(b).[2] Upon timely motion, the issuing court may quash or modify the subpoena if it causes undue burden.[3] A party objecting to a subpoena served on a non-party must move to quash.[4] The party who moves has the burden of persuasion.[5] "[A] court determining the propriety of a subpoena balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena."[6]

In the absence of a court order to the contrary, the fruits of pretrial discovery are presumptively public.[7] When a party makes a motion showing good cause for a protective order pursuant to Rule 26(c), "the court in which the action is pending may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue expense or burden, including . . . forbidding the disclosure or discovery."[8] "The moving party has a heavy burden of showing 'extraordinary circumstances' based on 'specific facts' that would justify such an order."[9] Under Rule 26(c), "the party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted."[10]

---

[2] *See*, *e.g.*, *Sedaghatpour v. California*, Case No. 07-1802, 2007 WL 4259214, at *1 (N.D. Cal. Dec. 3, 2007).

[3] Fed. R. Civ. P. 45(c)(3)(A).

[4] *See id*.

[5] *See Erickson v. Microaire Surgical Instruments LLC*, Case No. 08-5745, 2010 WL 1881946, at *2 (W.D. Wash. May 6, 2010).

[6] *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006) (quoting *Compaq Computer Corp. v. Packard Bell Elec., Inc.,* 163 F.R.D. 329, 335-36 (N.D. Cal. 1995)).

[7] *Phillips v. Gen. Motors,* 307 F.3d 1206, 1210 (9th Cir. 2002).

[8] Fed. R. Civ. P. 26(c).

[9] *Prozina Shipping Co., Ltd. v. Thirty-Four Autos.*, 179 F.R.D. 41, 48 (D. Mass. 1988).

[10] *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1130 (9th Cir. 2003) (citing *Phillips,* 307 F.3d at 1210–11; *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992); *Deford v. Schmid Prods. Co.,* 120 F.R.D. 648, 653 (D. Md. 1987)).

This case concerns allegations that Defendant Feld Entertainment, Inc. violated the plaintiff's civil rights during an incident in Milpitas, California in 2012. Plaintiff Joseph Cuviello issued the subject-deposition subpoenas to three officers of the Milpitas Police Department to identify alleged discrepancies between the testimony of Feld employees David Bailey and Carla Voigt, and the Milpitas police report as to what happened.[11]

The officers have already been deposed about these events and the contents of the police report in another case, *Campbell v. City of Milpitas*.[12] Given Cuviello's involvement as a paralegal for the attorney representing the plaintiff in that other case, the officers urge that the present depositions are an improper attempt to circumvent the *City of Milpitas* discovery limits.[13] The officers assert that the depositions seek information that is duplicative, unduly burdensome and prejudicial and request a protective order to preclude Cuviello from (1) contacting the officer-defendants directly and (2) conducting discovery into the events that occurred in Milpitas without consent from the officers' counsel of record.[14]

## II.

This court has jurisdiction under 28 U.S.C. §§ 1331 and 1338. The undersigned was assigned discovery matters in this case pursuant to Fed. R. Civ. P. 72(a).[15]

## III.

At issue is whether the deposition subpoenas impose an undue burden on the officers and whether there is good cause to issue a protective order limiting Cuviello's ability to contact the officers or conduct further discovery regarding the Milpitas incident without notice to the officers' counsel. Because the depositions are likely to produce new, relevant information and the burden

---

[11] This incident resulted in other lawsuits still, including *Campbell v. Feld*, Case No. 5:12-04233 (N.D. Cal.), *Ennis v. Feld*, Case No. 5:13-00233 (N.D. Cal.), and *Campbell v. City of Milpitas, et al.*, Case No. 5:13-03817 (N.D. Cal.).

[12] *See* Docket No. 58 at 3.

[13] *See id.* at 7-8.

[14] *See id.* at 7.

[15] *See* Docket Nos. 3, 8.

3
Case No. 5:13-cv-03135-LHK
ORDER DENYING MOTION TO QUASH SUBPOENAS AND FOR A PROTECTIVE ORDER

imposed on officers by the duplicative nature of the testimony sought is minimal, the court denies the motion to quash. The court also denies the request for a protective order due to the officers' failure to demonstrate that extraordinary prejudice or harm is likely to occur.

***First***, there is no merit to the officers' contention that the deposition subpoenas are unduly burdensome simply because they may solicit testimony that overlaps with previous testimony in the *City of Milpitas* action. The officers do not dispute that the testimony sought is relevant. Yet, the officers fail to identify any permissible, less-burdensome way in which Cuviello might elicit the requisite testimony. The officers also do not suggest that the evidence sought here—statements corroborating the testimony of Voigt and Bailey—was elicited in previous depositions or was even at issue in *City of Milpitas*. The likely benefit of this previously unsolicited testimony therefore outweighs any inconvenience that the officers will incur.[16]

Moreover, the officers' contentions that additional depositions may be detrimental to their defense in *City of Milpitas* and that their additional testimony may be used improperly in that case are unavailing. There is no support in the record that demonstrates Cuviello served the subpoenas in order to circumvent the discovery limits in place in *City of Milpitas*. At best, Cuviello's involvement as a paralegal for the plaintiff's counsel in *City of Milpitas* raises suspicions that the depositions might be used impermissibly in that case. But it is not proper to bar relevant discovery in one action simply because it may also be relevant to another action.[17]

***Second***, the officers cannot demonstrate that specific harm or prejudice will result absent a protective order. The officers appear to take the position that, because Cuviello is a "sophisticated litigant" who is intimately involved with *City of Milpitas*, the Rules of Professional Conduct apply and preclude him from directly contacting the City of Milpitas or the officers without prior consent of counsel.[18] Even if a paralegal should be held to the same ethical standards as an attorney, the

---

[16] *See, e.g., Koch v. Royal Wine Merchants, Ltd.*, Case No. 13-80198, 2013 WL 5693744, at *3 (N.D. Cal. Oct. 15, 2013) (explaining that the testimony would not be unduly cumulative and duplicative because not all of the wines at issue in the *Royal* action were also at issue in the *Greenberg* action.).

[17] *See id.* at *3.

[18] *See* Docket No. 58 at 7-8.

officers fail to identify any specific harm or prejudice that will result if the protective order is not granted.

The officers further contend that because Cuviello is using the office of plaintiff's counsel in *City of Milpitas* to conduct his discovery, there is good cause for a protective order requiring Cuviello to contact the officers' counsel before conducting any additional discovery regarding the Milpitas incident.[19] Once again, the officers fail to identify any specific harm that will occur absent a protective order.

### IV.

Allowing Cuviello to depose the officers on matters that may overlap with previous testimony will not impose an undue burden. The court therefore denies the motions to quash and for a protective order except as follows. In light of the representation from the officers that their testimony in *City of Milpitas* may be used in this case, the court will limit the deposition of each officer to no more than three hours.

**SO ORDERED.**

Dated: November 14, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[19] *See* Docket No. 58 at 8.