1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                    SAN JOSE DIVISION

11                                    )    Case No.: 13-CV-03135-LHK
    JOSEPH CUVIELLO,                  )
12                                    )    ORDER DENYING DEFENDANT
                         Plaintiff,   )    GEOFFREY TAYLOR'S MOTION TO
13         v.                         )    DISMISS, AND GRANTING HIS
                                      )    MOTION FOR MISJOINDER
14  FELD ENTERTAINMENT, INC., et al., )
                                      )
15                       Defendants.  )
                                      )
16  _____ )

17         Defendant Geoffrey Taylor ("Taylor") moves to dismiss the fifth cause of action—

18  eavesdropping, in violation of section 632(a) of the California Penal Code—in Plaintiff Joseph

19  Cuviello's ("Plaintiff") Third Amended Complaint ("TAC") pursuant to Rule 12(b)(6) of the

20  Federal Rules of Civil Procedure.  ECF No. 62 ("Mot.").  Alternatively, Taylor asks the Court to

21  dismiss him as a defendant in this lawsuit pursuant to Rule 21 because Taylor, allegedly a

22  nondiverse and dispensable party, was improperly joined in this litigation.  *Id.*  Defendants Feld

23  Entertainment, Inc. ("FEI") and Lorenzo Del Moral ("Del Moral") (collectively, with Taylor,

24  "Defendants"), have joined Taylor's motions.  ECF No. 67.

25         The Court finds the matter suitable for decision without oral argument under Civil Local

26  Rule 7-1(b) and hereby VACATES the hearing set for January 15, 2015, at 1:30 p.m. and

27  CONTINUES the case management conference to March 12, 2015, at 1:30 p.m.  Having

28
                                          1

considered the parties' arguments, the relevant law, and the record in this case, the Court hereby DENIES Taylor's Motion to Dismiss, and GRANTS Taylor's Motion for Misjoinder.

## I.      BACKGROUND

### A.      Factual Allegations

Plaintiff is a member of Humanity Through Education ("HTE"), a San Francisco Bay Area grassroots group dedicated to the humane treatment of animals and educating the public about the alleged abuse and mistreatment of animals in circuses, including the Ringling Bros. and Barnum & Bailey Circus (the "Circus"), which FEI owns and operates.  TAC ¶¶ 7, 12.  Plaintiff holds signs and banners and offers to the public informational leaflets about the condition and treatment of animals kept by the Circus.  *Id.* ¶ 12.  Plaintiff also videotapes the treatment of animals used by the Circus to educate the public and provide the news media with information about the Circus's alleged abuse and mistreatment of animals.  *Id.*  Plaintiff has been organizing demonstrations against circuses and leafleting their patrons since 1988; he has been videotaping their treatment of animals since 1989.  *Id.* ¶ 18.  Plaintiff, along with other HTE members, has videotaped the Circus's treatment of animals in numerous California cities and other cities across the country.  *Id.* ¶¶ 19-20.

The Circus performs annually in the San Francisco Bay Area in August and September.  TAC ¶ 21.  Two or three days before the first performance, the Circus's employees bring the animals via railroad to the city in which they are performing, unload the animals from the train, and walk them down the public streets to the arenas where the animals will perform (the "animal walk").  *Id.* ¶ 22.  After the last scheduled performance, the Circus's employees walk the animals back to the train.  *Id*.  In between performances, the Circus keeps the animals in a compound when the animals are not performing.  *Id.* ¶ 23.  Each year, Plaintiff offers informational leaflets to patrons of every Circus performance in the Bay Area.  *Id.* ¶ 24.  Plaintiff also videotapes (1) the treatment and living conditions of animals used by the Circus before, during, and after shows; and (2) the treatment and living conditions of the Circus's animals while on the train, being loaded and unloaded from the train, and being walked to and from the arenas.  *Id*.

2

United States District Court
For the Northern District of California

1    Plaintiff alleges that Defendants have a "policy and practice . . . to intentionally interfere

2  with Plaintiff's free speech rights for the purpose of interfering with and chilling Plaintiff in the

3  exercise of his constitutionally-protected rights." TAC ¶ 27 (internal quotation marks omitted).  In

4  particular, Plaintiff asserts that over the past several years Defendants have harassed him and

5  interfered with his ability to videotape the animals.  *Id.* ¶¶ 26, 28.  Defendants' alleged misconduct

6  includes: (1) using ropes during the animal walks to harass Plaintiff and interfere with his

7  videotaping; (2) shining lights into Plaintiff's cameras; (3) spraying Plaintiff with fire hoses; and

8  (4) other physical and verbal assaults on Plaintiff while he is videotaping.  *Id.* ¶¶ 28-54.

9  Defendants' misconduct, Plaintiff claims, spans many incidents over the past several years.  *Id.*

10    As relevant here, Plaintiff alleges that on August 19, 2012, he was at the arena in San Jose,

11  California, to demonstrate against and videotape the Circus's treatment of animals.  TAC ¶ 45.

12  Plaintiff claims that, in between demonstrations, he was standing on a public sidewalk along

13  Autumn Street and filming the Circus's treatment of animals over the loading dock wall at the

14  arena's rear.  *Id.*  According to Plaintiff, FEI had hired professional videographers to follow and

15  record the activities of Plaintiff and his fellow animal rights activists at the San Jose event.  *Id.*

16  ¶ 47.  Typically, Plaintiff says, FEI's videographers would stand on the opposite side of the street,

17  maintaining a sufficient distance to allow Plaintiff to engage in private conversations should he so

18  choose.  *Id.*  At one point, however, Plaintiff wanted to have a private conversation with a fellow

19  activist, Mark Ennis ("Ennis").  *Id.* ¶ 48.  While standing on the public sidewalk, Plaintiff alleges

20  that he looked around to ensure that no one was within earshot before leaning in to speak privately

21  with Ennis.  *Id.*  Sensing someone was near, Plaintiff claims he turned around to find one of FEI's

22  videographers standing right behind him and recording his private conversation with Ennis without

23  Plaintiff's permission.  *Id.*  After confronting the man, Plaintiff says he asked the videographer his

24  name.  *Id.*  According to Plaintiff, the videographer identified himself as Jake Woolbrach

25  ("Woolbrach"), but Plaintiff later came to believe that the man was actually Taylor.  *Id.*; *see also*

26  ECF No. 46 (granting the parties' stipulation to substitute Taylor's name for Woolbrach's in the

27  TAC).

28
3

About ten minutes later, Plaintiff allegedly approached a nearby San Jose police officer, asking the lieutenant to enforce section 632(a) of the California Penal Code, the state's eavesdropping law, against Taylor and the rest of FEI's videographers.  TAC ¶ 49.  After Plaintiff read section 632(a) to the policeman, the officer, according to Plaintiff, said he would instruct FEI's videographers to maintain a distance of at least fifteen feet from the animal rights activists. *Id.*  Plaintiff indicated that this remedy was satisfactory.  *Id.*

### B.       Procedural History

On July 8, 2013, Plaintiff, appearing pro se, filed his initial Complaint in federal court, naming as defendants FEI, Del Moral, and Woolbrach, as well as Mike Stuart ("Stuart") and David Bailey ("Bailey").  ECF No. 1 ("Compl.").  Diversity of citizenship under 28 U.S.C. § 1332 was the sole basis for federal subject matter jurisdiction.  *Id.* ¶ 3.  In his initial Complaint, Plaintiff asserted eight causes of action: (1) violation of Article I, Section 2(a) of the California Constitution; (2) assault and battery; (3) violation of the Ralph Act, Cal. Civ. Code § 51.7 (right to be free from violence against property or person); (4) violation of the Bane Act, Cal. Civ. Code § 52.1 (interference with rights); (5) negligent supervision; (6) eavesdropping under section 632(a) of the California Penal Code; (7) violation of Oakland City Ordinances pursuant to section 36900 of the California Government Code (the "Oakland Ordinances"); and (8) injunction.  *Id.* ¶¶ 52-78.  On October 1, 2013, prior to any defendant filing a response to Plaintiff's initial Complaint, Plaintiff filed his First Amended Complaint ("FAC"), which asserted the same eight causes of action but dropped defendants Stuart and Bailey.  ECF No. 9.

On October 18, 2013, the instant case was related to *Campbell v. Feld Entertainment, Inc., et al.*, No. 12-04233, and *Ennis v. Feld Entertainment, Inc. et al.*, No. 13-00233.  ECF No. 12.  As a result, the case was reassigned to this Court on October 24, 2013.

On October 31, 2013, Defendants filed a Motion to Dismiss the FAC.  ECF No. 13.  Defendants moved to dismiss only six of the eight causes of action asserted in the FAC: (1) violation of Article I, Section 2(a) of the California Constitution; (2) assault and battery; (3) negligent supervision; (4) eavesdropping; (5) violation of the Oakland Ordinances; and (6)

Case No.: 13-CV-03135-LHK
ORDER DENYING DEFENDANT GEOFFREY TAYLOR'S MOTION TO DISMISS, AND GRANTING HIS MOTION FOR MISJOINDER

1    injunction.  *Id*. at 1-2.  Plaintiff opposed the motion on November 14, 2013, ECF No. 16,[1] and

2    Defendants replied on November 21, 2013, ECF No. 17.

3         On April 7, 2014, the Court granted in part and denied in part Defendants' Motion to

4    Dismiss.  ECF No. 37.  The Court granted the motion with prejudice as to Plaintiff's cause of

5    action under Article I, Section 2(a) of the California Constitution and Plaintiff's injunction cause of

6    action.  *Id.* at 6, 12-13.  The Court granted the motion with leave to amend as to Plaintiff's assault

7    and battery cause of action (which was erroneously pled jointly), Plaintiff's negligent supervision

8    cause of action, and Plaintiff's eavesdropping cause of action.  *Id.* at 6-10, 13.  With respect to the

9    eavesdropping claim, the Court held that Plaintiff had failed to allege that Defendants ever

10   recorded Plaintiff's supposedly private conversation, a required element under section 632(a).  *Id.*

11   at 9.  The Court denied the motion as to Plaintiff's Oakland Ordinances cause of action.  *Id.* at 10-

12   13.

13        On April 28, 2014, Plaintiff filed a Second Amended Complaint ("SAC"), ECF No. 38,

14   which defendants FEI and Del Moral answered on May 12, 2014, ECF No. 39.  On July 31, 2014,

15   the parties stipulated to allow Plaintiff to file a TAC substituting Taylor for Woolbrach wherever

16   Woolbrach's name appeared in the SAC.  ECF No. 45.  The Court granted the parties' stipulation

17   on August 1, 2014, ECF No. 46, and Plaintiff filed his TAC that same date, ECF No. 49.  In the

18   TAC, which names FEI, Del Moral, and Taylor as defendants, Plaintiff asserts six causes of action:

19   (1) assault; (2) battery; (3) violation of the Ralph Act; (4) violation of the Bane Act; (5)

20   eavesdropping; and (6) violation of the Oakland Ordinances.  TAC ¶¶ 55-72.  Plaintiff asserts his

21   eavesdropping claim against FEI and Taylor only.  *Id.* ¶¶ 67-69.

22        On September 24, 2014, Taylor filed the instant Motion to Dismiss and Motion for

23   Misjoinder.  Plaintiff opposed the motions on October 8, 2014.  ECF No. 66 ("Opp.").  On October

24   10, 2014, FEI and Del Moral joined Taylor's motions.  ECF No. 67.  Taylor filed a reply in support

25   of his motions on October 15, 2014.  ECF No. 68.

26   **II.      LEGAL STANDARDS**

27   _____

     [1] Plaintiff also filed a Request for Judicial Notice, ECF No. 16-1, which the Court later

28   granted, *see* ECF No. 37 at 3 n.2.

5

**United States District Court**
For the Northern District of California

1

**A.      Rule 12(b)(6)**

2          Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a

3 short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint

4 that fails to meet this standard may be dismissed pursuant to Rule 12(b)(6).  The Supreme Court

5 has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is

6 plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial

7 plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

8 inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

9 678 (2009).  "The plausibility standard is not akin to a probability requirement, but it asks for more

10 than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks

11 omitted).  For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual

12 allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the

13 nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir.

14 2008).  Moreover, pro se pleadings are to be construed liberally.  *See Resnick v. Hayes*, 213 F.3d

15 443, 447 (9th Cir. 2000) ("[I]n general, courts must construe pro se pleadings liberally.").

16          The Court, however, need not accept as true allegations contradicted by judicially

17 noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look

18 beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6)

19 motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir.

20 1995).  Nor must the Court "assume the truth of legal conclusions merely because they are cast in

21 the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per

22 curiam) (internal quotation marks omitted).  Mere "conclusory allegations of law and unwarranted

23 inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183

24 (9th Cir. 2004).

25      **B.      Leave to Amend**

26          If the Court determines that the complaint should be dismissed, it must then decide whether

27 to grant leave to amend.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend

28

6

Case No.: 13-CV-03135-LHK
ORDER DENYING DEFENDANT GEOFFREY TAYLOR'S MOTION TO DISMISS, AND GRANTING HIS
MOTION FOR MISJOINDER

*United States District Court*
For the Northern District of California

1    "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule

2    15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v.*

3    *Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks

4    omitted).  When dismissing a complaint for failure to state a claim, "a district court should grant

5    leave to amend even if no request to amend the pleading was made, unless it determines that the

6    pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal

7    quotation marks omitted).  Furthermore, the Court "has a duty to ensure that pro se litigants do not

8    lose their right to a hearing on the merits of their claim due to ignorance of technical procedural

9    requirements." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

10   Nonetheless, leave to amend generally should be denied if allowing amendment would overly

11   prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in

12   bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## III.    DISCUSSION

14        Taylor brings two motions.  First, Taylor moves to dismiss Plaintiff's claim for

15   eavesdropping under section 632(a) of the California Penal Code, arguing that Plaintiff has failed

16   to plead sufficient facts establishing that Taylor recorded a "confidential communication."  Mot. at

17   5-7.  In the alternative, Taylor moves for misjoinder, contending that the Court should dismiss

18   Taylor from the instant lawsuit under Rule 21 because he is a nondiverse, dispensable party. *Id.* at

19   7-10.  For the reasons stated below, the Court DENIES Taylor's Motion to Dismiss, and GRANTS

20   Taylor's Motion for Misjoinder.

### A.    Eavesdropping Claim

22        The California Invasion of Privacy Act, Cal. Penal Code § 630 *et seq.*, prohibits the

23   recording of another's "confidential communication" without that person's consent. *See Flanagan*

24   *v. Flanagan*, 41 P.3d 575, 577 (Cal. 2002).  The statute provides a private right of action, through

25   which plaintiffs may recover damages for violations of the law, including section 632(a). *See* Cal.

26   Penal Code § 637.2(a).  Section 632(a) imposes liability on "[e]very person who, intentionally and

27   without the consent of all parties to a confidential communication, by means of any electronic

28

Case No.: 13-CV-03135-LHK
ORDER DENYING DEFENDANT GEOFFREY TAYLOR'S MOTION TO DISMISS, AND GRANTING HIS
MOTION FOR MISJOINDER

**United States District Court**
For the Northern District of California

1    amplifying or recording device, eavesdrops upon or records the confidential communication."  Cal.

2    Penal Code § 632(a).  For a plaintiff to prevail, in other words, he "must show that the defendant:

3    (1) intentionally, (2) without the consent of all the parties, (3) recorded by means of any electronic

4    amplifying or recording device, (4) a confidential communication."  *Thomas v. Costco Wholesale*

5    *Corp.*, No. SACV 13-0275-DOC, 2014 WL 819396, at *11 (C.D. Cal. Mar. 3, 2014) (citing Cal.

6    Penal Code § 632(a)).

7         A "confidential communication," moreover, "includes any communication carried on in

8    circumstances as may reasonably indicate that any party to the communication desires it to be

9    confined to the parties thereto, but excludes a communication made in a public gathering . . . , or in

10   any other circumstance in which the parties to the communication may reasonably expect that the

11   communication may be overheard or recorded."  Cal. Penal Code § 632(c).  According to the

12   California Supreme Court, "a conversation is confidential under section 632 if a party to that

13   conversation has an objectively reasonable expectation that the conversation is not being overheard

14   or recorded."  *Flanagan*, 41 P.3d at 582; *accord Kearney v. Salomon Smith Barney, Inc.*, 137 P.3d

15   914, 929 n.7 (Cal. 2006); *Hataishi v. First Am. Home Buyers Prot. Corp.*, 223 Cal. App. 4th 1454,

16   1465 (2014).  Whether one has "a reasonable expectation that no one is secretly listening to a . . .

17   conversation is generally a question of fact."  *Kight v. CashCall, Inc.*, 200 Cal. App. 4th 1377,

18   1396 (2011).

19        Here, Taylor argues that "Plaintiff could not have had an objectively reasonable expectation

20   that his conversation was not being overheard or recorded" because "the purported communication

21   at issue took place on a public street at an event where both parties were filming and recording

22   each other."  Mot. at 6.  Section 632(a), Taylor continues, "specifically exclude[s] communications

23   made in a public gathering" and thus "cannot apply to conversations that admittedly were held on a

24   public street in circumstances where all parties involved were filming and recording each other's

25   behavior during a very public and visible demonstration."  *Id.*  Because "Plaintiff has no facts—

26   and can plead none given the circumstances—that would lead to the reasonable expectation that his

27

28

Case No.: 13-CV-03135-LHK
ORDER DENYING DEFENDANT GEOFFREY TAYLOR'S MOTION TO DISMISS, AND GRANTING HIS
MOTION FOR MISJOINDER

United States District Court
For the Northern District of California

1    public street conversation was confidential," Taylor asks the Court to dismiss Plaintiff's

2    eavesdropping claim.  *Id.*

3         The Court disagrees.  Plaintiff, it is true, acknowledges that he was standing on a public

4    sidewalk at the time he alleges Taylor recorded his private conversation with Ennis.  *See* TAC ¶ 45

5    (stating that Plaintiff "stood on the public sidewalk, on Autumn Street, next to the San Jose Arena

6    loading dock wall").[2]  However, Taylor provides no authority suggesting that just because a

7    conversation takes place on a public sidewalk, the speaker forfeits any reasonable expectation of

8    confidentiality.  The Court, for its part, has found none.

9         Furthermore, the facts alleged by Plaintiff plausibly suggest that his expectation of

10   confidentiality was objectively reasonable.  According to Plaintiff, FEI's videographers had

11   consistently maintained a sufficient distance from Plaintiff and his fellow animal rights activists

12   allowing them to engage in private conversations with one another.  TAC ¶ 47.  For the most part,

13   Plaintiff acknowledges, FEI's videographers "stood across the street from where Plaintiff and his

14   colleagues were standing."  *Id.*  It was not until Taylor "moved right up behind Plaintiff," "put his

15   camera right up near the back of Plaintiff's head, and was recording Plaintiff's private conversation

16   with Ennis without Plaintiff's permission" that, Plaintiff alleges, a violation of section 632(a)

17   occurred.  *Id.* ¶ 48.  Thus, whether "both parties [had been] filming and recording each other," as

18   Taylor asserts, Mot. at 6, does not necessarily render Plaintiff's expectation of confidentiality

19   unreasonable.  The animal rights activists and FEI videographers may well have been filming each

20   other's behavior; but if, as Plaintiff alleges, the FEI videographers had been doing so at a distance

21   that permitted Plaintiff and his colleagues to speak privately, then the Court cannot conclude as a

22   matter of law that Plaintiff's expectation of confidentiality was unreasonable when he "stopped

23

24        [2] The Court previously dismissed Plaintiff's eavesdropping claim because the FAC alleged
      only that the FEI videographer "had put up his camera right up near the back of Plaintiff's head *in*
25    *an attempt to record* Plaintiff's private conversation with Ennis."  ECF No. 37 at 9 (quoting FAC
      ¶ 47).  With this assertion, the Court concluded, Plaintiff had failed to "sufficiently allege a
26    recording as required by the third element of Section 632(a)."  *Id.*  Plaintiff has since cured that
      deficiency in his TAC, alleging now that Taylor "put his camera right up near the back of
27    Plaintiff's head and *was recording* Plaintiff's private conversation with Ennis without Plaintiff's
      permission."  TAC ¶ 48 (emphasis added).
28

Case No.: 13-CV-03135-LHK
ORDER DENYING DEFENDANT GEOFFREY TAYLOR'S MOTION TO DISMISS, AND GRANTING HIS
MOTION FOR MISJOINDER

**United States District Court**
For the Northern District of California

videotaping," "approached Mr. Ennis," "looked around to visually ensure no one, especially [FEI's] videographers, was close enough to hear or record his conversation," "leaned in close to the ear of Mark Ennis," and "began talking to Ennis," until he unexpectedly discovered Taylor recording his conversation from the rear.  TAC ¶ 48.

Nor can the Court conclude as a matter of law that Plaintiff's conversation qualifies as "a communication made in a public gathering."  Cal. Penal Code § 632(c).  Plaintiff acknowledges that he and his fellow animal rights activists were demonstrating at the San Jose event.  *See* TAC ¶ 45.  However, Plaintiff alleges that the eavesdropping violation occurred "[i]n between the demonstrations" and while Plaintiff and his colleagues were "video record[ing] the Circus' treatment of animals over the [loading dock] wall" near the back of the San Jose arena.  *Id.* ¶¶ 45, 48.  There is no allegation that Plaintiff, by "lean[ing] in close to the ear of Mark Ennis" after having "looked around to visually ensure no one" else was listening, *id.* ¶ 48, was addressing anyone other than Ennis, let alone members of the public at a public meeting, rally, or assembly of some sort.  *See ACLU of Ill. v. Alvarez*, 679 F.3d 583, 609 (7th Cir. 2012) (Posner, J., dissenting) (explaining that the term "public gathering," as used in section 632(c), "connotes a public meeting of some sort"); *cf. In re Kay*, 464 P.2d 142, 151, 153 (Cal. 1970) (characterizing "a large, public celebration held outdoors in a public park, featuring, in the course of a political campaign, a public official as the principal speaker" as a "public meeting" or "public gathering").  Although the statute provides no definition for "public gathering," the Court concludes that Plaintiff has sufficiently alleged that his private conversation with a personal acquaintance does not amount to a communication made at a public gathering.  *See Lieberman v. KCOP Television, Inc.*, 110 Cal. App. 4th 156, 169 (2003) ("The presence of others does not necessarily make an expectation of privacy objectively unreasonable, but presents a question of fact for the jury to resolve.").

Taylor's citation to *Faulkner v. ADT Security Services, Inc.*, 706 F.3d 1017 (9th Cir. 2013), does not counsel otherwise.  In *Faulkner*, the Ninth Circuit affirmed the district court's grant of a motion to dismiss the plaintiff's section 632(a) claim because "[his] complaint, at least in its present form," failed to "allege facts that would lead to the plausible inference that his was a

confidential communication." *Id.* at 1020.  The plaintiff in *Faulkner* had made "two allegations concerning the confidentiality of his communications with ADT.  First, he alleges that he called ADT to 'dispute a charge.'  Second, he states that his conversation was confidential because it was 'carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined thereto.'" *Id.* (citations omitted).  The Court of Appeals rejected the second allegation as "no more than a threadbare recital of the language of Section 632, precisely the kind that *Iqbal* prohibits." *Id.* (alterations and internal quotation marks omitted).  The Court of Appeals rejected the first because "too little is asserted in the complaint about the particular relationship between the parties, and the particular circumstances of the call, to lead to the plausible conclusion that an objectively reasonable expectation of confidentiality would have attended such a communication." *Id.*  "Although circumstances may arise under which the nature of the relationship or the character of the communications between a customer and a home security company could plausibly constitute a confidential communication under the California statute," the Ninth Circuit concluded that the plaintiff's complaint was too conclusory to survive a Rule 12(b)(6) motion. *Id.*

In this case, by contrast, the Court finds that Plaintiff has alleged sufficient facts leading to the plausible conclusion that an objectively reasonable expectation of confidentiality attended Plaintiff's conversation with Ennis.  Plaintiff here does more than simply parrot section 632(c)'s statutory definition of a confidential communication.  As stated above, Plaintiff alleges that, while filming the Circus's treatment of animals, he decided to have a private conversation with Ennis. TAC ¶ 48.  To effectuate his desire, Plaintiff ceased videotaping and approached Ennis. *Id.*  After looking around to ensure none of FEI's videographers was within earshot, Plaintiff says he leaned in close to Ennis and began talking to him when, unexpectedly, Plaintiff realized that Taylor had moved in behind him and was recording Plaintiff's conversation with Ennis without Plaintiff's consent. *Id.*  Some ten minutes later, Plaintiff claims that he approached a nearby police officer, who then instructed FEI's videographers to keep a distance of at least fifteen feet from the activists.

11

1    *Id.* ¶ 49.  These specific factual allegations are a far cry from the "threadbare" assertions rejected in

2    *Faulkner*.

3            For these reasons, the Court DENIES Taylor's Motion to Dismiss Plaintiff's eavesdropping

4    claim under section 632(a).  *See Brown v. Defender Sec. Co.*, No. CV 12-7319-CAS PJWX, 2012

5    WL 5308964, at *1, *3 (C.D. Cal. Oct. 22, 2012) (finding "plaintiff has adequately pleaded that her

6    conversations were confidential communications" where she "disclosed her name, residential

7    address, date of birth, and social security number" in a telephone call with defendant home security

8    company but "was given no warning or other indication that the call was being recorded").

9            **B.    Misjoinder**

10           Rule 21 of the Federal Rules of Civil Procedure, which governs misjoinder of parties,

11   provides: "On motion or on its own, the court may at any time, on just terms, add or drop a party."

12   Fed. R. Civ. P. 21.  "By now, 'it is well settled that Rule 21 invests district courts with authority to

13   allow a dispensable nondiverse party to be dropped at any time, even after judgment has been

14   rendered.'"  *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 572-73 (2004) (quoting

15   *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989)).  Rule 21 "is viewed as a grant

16   of 'discretionary power [to the federal court] to perfect its diversity jurisdiction by dropping a

17   nondiverse party provided the nondiverse party is not indispensable to the action under Rule 19.'"

18   *Kirkland v. Legion Ins. Co.*, 343 F.3d 1135, 1142 (9th Cir. 2003) (alteration in original) (quoting

19   *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980)).

20           Plaintiff does not dispute that Taylor is a nondiverse party.  *See* Opp. at 4-5.  Indeed,

21   Taylor, like Plaintiff, is a citizen of California.  *See* ECF No. 62-1 ¶ 2; TAC ¶ 5.  Because the

22   Supreme Court has long interpreted the federal diversity jurisdiction statute, 28 U.S.C. § 1332, to

23   require "complete diversity," "the presence in the action of a single plaintiff from the same State as

24   a single defendant deprives the district court of original diversity jurisdiction over the entire

25   action."  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).  Accordingly,

26   Taylor's presence as a defendant in this lawsuit destroys the Court's only basis for subject matter

27

28

Case No.: 13-CV-03135-LHK
ORDER DENYING DEFENDANT GEOFFREY TAYLOR'S MOTION TO DISMISS, AND GRANTING HIS
MOTION FOR MISJOINDER

1    jurisdiction.  *See* TAC ¶ 3 (asserting diversity jurisdiction as the sole basis for federal subject

2    matter jurisdiction over this lawsuit).

3          Plaintiff also does not dispute that Taylor is a dispensable party.  *See* Opp. at 4-6.  Whether

4    a party is "indispensable" is determined by looking to Rule 19(b) of the Federal Rules of Civil

5    Procedure.  *See White v. Univ. of Cal.*, 765 F.3d 1010, 1027-28 (9th Cir. 2014); *see also Nam Soon*

6    *Jeon v. Island Colony Partners*, 892 F. Supp. 2d 1234, 1240-43 (D. Haw. 2012) (examining Rule

7    19(b) to determine whether a nondiverse party is "indispensable" for purposes of a Rule 21

8    dismissal to perfect diversity jurisdiction).  A party is indispensable when, "in equity and good

9    conscience," the action should not be allowed to proceed without that party.  *White*, 765 F.3d at

10   1026.  "There are four factors for determining whether a party is indispensable" under Rule 19(b):

11   (1) the extent to which a judgment rendered in the person's absence might prejudice that person or

12   the existing parties; (2) the extent to which any prejudice could be lessened or avoided by

13   protective provisions in the judgment, shaping the relief, or other measures; (3) whether a judgment

14   rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an

15   adequate remedy if the action were dismissed for nonjoinder.  *Id.* at 1027-28 (quoting Fed. R. Civ.

16   P. 19(b)).

17          As to the first factor, the Court finds that Taylor's absence would neither prejudice him nor

18   any other party, including Plaintiff.  There is no risk, for example, that any party would be subject

19   to multiple, inconsistent legal obligations were Taylor not a party to the instant lawsuit.  By

20   contrast, if Taylor remained part of the suit, the entire action would have to be dismissed for lack of

21   subject matter jurisdiction, and the parties would have to begin anew in another forum, prejudicing

22   both Plaintiff and Defendants, who have been litigating this case since July 2013.  This is precisely

23   why courts are allowed the discretion under Rule 21 to dismiss nondiverse, dispensable parties.

24   *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1154 (9th Cir. 1998) (explaining that "if the suit

25   were dismissed altogether for lack of subject matter jurisdiction, the plaintiff would simply refile

26   against the defendants in the district court without the non-diverse parties," and "'[n]othing but a

27   waste of time and resources would be engendered by . . . forcing these parties to begin anew'"

28

13

Case No.: 13-CV-03135-LHK
ORDER DENYING DEFENDANT GEOFFREY TAYLOR'S MOTION TO DISMISS, AND GRANTING HIS
MOTION FOR MISJOINDER

1   (ellipsis in original) (quoting *Newman-Green*, 490 U.S. at 838)); *Cont'l Airlines, Inc. v. Goodyear*

2   *Tire & Rubber Co.*, 819 F.2d 1519, 1523 (9th Cir. 1987) (explaining that because "practicality

3   prevails over logic" under Rule 21, courts "may dismiss a dispensable, non-diverse party in order

4   to perfect retroactively the district court's original jurisdiction").  As to the second factor, the Court

5   finds, for the reasons just stated, that any prejudice to the parties here would be lessened by

6   dismissing Taylor as a defendant.  As to the third and fourth factors, the Court finds that Plaintiff

7   would still have an adequate remedy in Taylor's absence.  Plaintiff names Taylor as a defendant in

8   only one of his six causes of action—the eavesdropping claim—and that cause of action is also

9   being asserted against FEI.  TAC ¶¶ 67-69.  As Plaintiff does not seek injunctive relief against

10  Taylor on this count, Taylor's presence is not necessary for Plaintiff to obtain relief.  Plaintiff may

11  still receive monetary damages from FEI should his eavesdropping claim succeed.

12          Because the Court finds that Taylor is a nondiverse, not indispensable party, the Court

13  elects, in its discretion, to dismiss Taylor as a defendant from the case in order to "perfect its

14  diversity jurisdiction."  *Kirkland*, 343 F.3d at 1142 (internal quotation marks omitted); *see also*

15  *Johnson v. Mitchell*, No. CIV S-10-1968-GEB, 2012 WL 691765, at *7 (E.D. Cal. Mar. 2, 2012)

16  (adopting the "less drastic remedy" under Rule 21 and recommending dismissal of the "dispensable

17  nondiverse parties . . . to cure the jurisdictional defects").  Contrary to Plaintiff's assertions, *see*

18  Opp. at 5-6, the federal supplemental jurisdiction statute, 28 U.S.C. § 1367(b) specifically,

19  provides no basis for the Court to maintain Taylor as a defendant.[3]  As the Supreme Court in *Exxon*

20  explained: "In order for a federal court to invoke supplemental jurisdiction . . . , it must first have

21  original jurisdiction over at least one claim in the action.  Incomplete diversity destroys original

---

[3] 28 U.S.C. § 1367(b) provides:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

14

jurisdiction with respect to *all claims*, so there is nothing to which supplemental jurisdiction can adhere." 545 U.S. at 554 (emphasis added).  Such would be the case here if Taylor remained in the lawsuit: his presence would destroy the Court's sole basis for original jurisdiction not just with respect to the eavesdropping claim, the only cause of action that Plaintiff asserts against him. Taylor's presence would "deprive[] the district court of original diversity jurisdiction *over the entire action*." *Id.* at 553 (emphasis added).  As there would be "nothing to which supplemental jurisdiction can adhere," *id.* at 554, the Court cannot rely on 28 U.S.C. § 1367(b) to keep Taylor, a nondiverse defendant, as part of the lawsuit.

Consequently, the Court GRANTS Taylor's Motion for Misjoinder under Rule 21.

## IV.    CONCLUSION

For the foregoing reasons, the Court DENIES Taylor's Motion to Dismiss, and GRANTS Taylor's Motion for Misjoinder.  Pursuant to Rule 21 of the Federal Rules of Civil Procedure, the Court hereby DISMISSES without prejudice Geoffrey Taylor as a defendant in this lawsuit.

**IT IS SO ORDERED.**

Dated: January 12, 2015

LUCY H. KOH
United States District Judge

United States District Court
For the Northern District of California