UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH CUVIELLO,<br><br>          Plaintiff,<br><br>     v.<br><br>FELD ENTERTAINMENT INC., et al.,<br><br>          Defendants. | Case No.: 13-CV-03135-LHK<br><br>**ORDER DENYING MOTION FOR STAY** |

Having reviewed Plaintiff's Motion for Stay (ECF No. 104), Defendants' opposition thereto (ECF No. 113), Plaintiff's reply (ECF No. 122), the transcript of the December 2, 2014 hearing before Magistrate Judge Paul S. Grewal (ECF No. 90), and the parties' submissions in advance of that hearing (ECF Nos. 69, 76, 78), the Court concludes that Plaintiff has failed to make "a strong showing that he is likely to succeed on the merits" of his mandamus petition in the Ninth Circuit. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Stanley v. Chappell*, 764 F.3d 990, 996 (9th Cir. 2014) (explaining that "the writ of mandamus is an 'extraordinary' remedy limited to 'extraordinary' causes" (brackets and internal quotation marks omitted)).  Nor has Plaintiff made a sufficient showing of irreparable harm.  *See Hilton*, 481 U.S. at 776; *see also Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2013 WL 5693759, at *7 (N.D. Cal.

1

Oct. 15, 2013) (rejecting Samsung's claim that it would suffer "irreparable harm" absent a stay pending mandamus petition because "Samsung will have the opportunity to assert privilege as to specific documents and testimony, and Samsung may seek a stay from the Federal Circuit").

Further, a stay of discovery at this late date—with dispositive motions due in just over two weeks and trial starting in May—would prejudice Defendants.  *See Hilton*, 481 U.S. at 776; *see also Solis v. Washington*, No. C08-5479BHS, 2010 WL 1708831, at *5 (W.D. Wash. Apr. 27, 2010) (denying motion for stay pending mandamus petition to the Ninth Circuit where trial was imminent and "Defendant would be forced to endure a lengthy wait for an answer to an issue that has little chance of success").  Lastly, the public interest does not favor granting a stay.  *See Hilton*, 481 U.S. at 776; *see also Apple*, 2013 WL 5693759, at *7 (finding the public interest did not favor a stay because courts must ensure that violations of discovery orders, "which are essential to all litigation, are dealt with "swiftly" and "appropriately").

Accordingly, the Court in its discretion DENIES Plaintiff's Motion for Stay pending resolution of his mandamus petition in the Ninth Circuit.  Pursuant to Civil Local Rule 7-1(b), the Court hereby VACATES the hearing on this motion set for April 30, 2015, at 1:30 p.m.

**IT IS SO ORDERED.**

Dated: February 4, 2015

_____
LUCY H. KOH
United States District Judge