UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH P. CUVIELLO, | Case No. 5:13-cv-03135-LHK |
| Plaintiff, | **ORDER GRANTING MOTION FOR MONETARY SANCTIONS WITH REPORT AND RECOMMENDATION THAT PLAINTIFF BE HELD IN CIVIL CONTEMPT** |
| v. | |
| FELD ENTERTAINMENT INC., et al., | |
| Defendants. | **(Re: Docket No. 107)** |

A basic rule of our legal system is that when courts issue orders, parties follow. This case raises the question whether this rule applies to all parties, or only some. The answer should be obvious—no party is above the orders of the court.

Plaintiff Joseph Cuviello takes a different view. Despite being ordered by the undersigned months ago to produce documents and videos in their entirety, despite failing to secure relief from this order from the presiding judge, and despite failing to secure relief from the appellate court, to this day Cuviello refuses to produce information falling squarely within the four corners of this court's December 2, 2014 order. Although Cuviello cloaks his refusal in the rich tradition of the First Amendment, his actions reflect nothing more than an unwillingness to play by the same rules as any other party to litigation in this court. Because such actions undermine the basic structure of our system of civil litigation, the court GRANTS Defendant Feld Entertainment Inc.'s motion for monetary sanctions and recommends that Cuviello be held in civil contempt.

1

Case No. 5:13-cv-03135-LHK
ORDER GRANTING MOTION FOR MONETARY SANCTIONS WITH REPORT AND
RECOMMENDATION THAT PLAINTIFF BE HELD IN CIVIL CONTEMPT FOR FAILURE
TO COMPLY WITH DISCOVERY ORDER

**I.**

Fed. R. Civ. P. 37 authorizes a wide range sanctions for a failure to obey a discovery order.[1] Most remedies "for dilatory conduct during discovery proceedings" are discretionary.[2] One remedy is not—the court must "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."[3] Thus courts are empowered to secure compliance with the discovery rules, deter others from violating them and punish those who do violate the rules.[4]

In a discovery order issued from the bench on December 2, the undersigned ordered Cuviello to produce video recordings of members or affiliates of Humanity Through Education ("HTE") protesting against FEI/Ringling Brothers and any other circus performance, show or event for the period from January 1, 2008 to the present; documents evidencing protest activities by HTE members against FEI/Ringling Brothers or any other circus for the period January 1, 2008 to the present; communications among HTE members relating to protest activities against FEI/Ringling Brothers; documents relating to plans or communications about protest strategies against FEI/Ringling Brothers; documents relating to communications between HTE members and other animal rights groups or members pertaining to protests against FEI/Ringling Brothers; and public

---

[1] *See* Fed. R. Civ. P. 37(b)(2)(A). *See also Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983).

[2] *Bollow v. Federal Reserve Bank of San Francisco*, 650 F.2d 1093, 1102 (9th Cir. 1981) (citing Fed. R. Civ. P. 37(a)(4)).

[3] Fed. R. Civ. P. 37(b)(2)(C); *see also Adams v. Albertson*, Case No. 10-cv-04787, 2012 WL 1636064, at *1 (N.D. Cal. May 9, 2012) ("Rule 37 sanctions are appropriate in extreme circumstances where violations are due to willfulness, bad faith, or fault of the party.") (citing *U.S. for Use & Ben. Of Wiltec Guam, Inc. v. Kahaluu Const. Co.*, 857 F.2d 600, 603 (9th Cir. 1988)).

[4] *See Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976) ("the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent."); *Wyle v. R. J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983); *Guifu Li v. A Perfect Day Franchise, Inc.*, 281 F.R.D. 373, 392 (N.D. Cal. 2012).

2
Case No. 5:13-cv-03135-LHK
ORDER GRANTING MOTION FOR MONETARY SANCTIONS WITH REPORT AND RECOMMENDATION THAT PLAINTIFF BE HELD IN CIVIL CONTEMPT FOR FAILURE TO COMPLY WITH DISCOVERY ORDER

and private Facebook entries on Cuviello's Facebook page relating to FEI/Ringling Brothers.[5] These materials were requested by Defendants months before and were plainly relevant to Cuviello's claims and the applicable defenses under the broad standards of Rule 26. But other than a two-page production from Cuviello's public Facebook postings and few other materials referenced above, Cuviello failed to produce anything by the December 16, 2014 deadline set by the court.[6]

Instead, Cuviello filed a motion for relief from this court's discovery order.[7] Although Cuviello was well within his rights to file his motion, the motion was promptly denied by Judge Koh.[8] At a further discovery hearing before the undersigned in early January, Cuviello expressed his intent to file a petition for a writ of mandamus with the Ninth Circuit.[9] In response, this court acknowledged that it was similarly within Cuviello's right to seek such a writ, but gave notice that in the event he was unsuccessful, the court would consider imposing sanctions.[10]

Cuviello filed his petition on January 8, 2015.[11] It was denied on February 9, 2015.[12] Four days later, Cuviello produced certain documents, but nevertheless insisted on redacting page after page of the names of any individuals identified in the documents who might serve as witnesses to the events at issue.

---

[5] *See* Docket No. 90 at 19:4-20:17.

[6] *See* Docket No. 107 at 3.

[7] *See* Docket No. 92.

[8] *See* Docket No. 93.

[9] *See* Docket No. 105 at 16:8-13.

[10] *See id.* at 17:10-13 ("I will also say this, if the writ of mandamus is successful, I will comply to the letter of the order from the Ninth Circuit. If it's not successful, I will entertain a motion for sanctions if Feld wishes to bring it."); *see* Docket No. 100. Cuviello also filed a motion to stay this court's discovery order five days after submitting his petition to the Ninth Circuit. *See* Docket No. 104. Judge Koh denied the stay as well. *See* Docket No. 123.

[11] *See* Docket No. 100.

[12] *See* Docket No. 125 ("Petitioner has not demonstrated that this case warrants the intervention of this court by means of the extraordinary remedy of mandamus.").

3
Case No. 5:13-cv-03135-LHK
ORDER GRANTING MOTION FOR MONETARY SANCTIONS WITH REPORT AND RECOMMENDATION THAT PLAINTIFF BE HELD IN CIVIL CONTEMPT FOR FAILURE TO COMPLY WITH DISCOVERY ORDER

Feld now moves for various sanctions.

## II.

This court has jurisdiction under 28 U.S.C. §§ 1331 and 1338.  The undersigned further has jurisdiction to handle discovery matters under Fed. R. Civ. P. 72(a).

## III.

Feld seeks sanctions in three forms: (1) an award of reasonable fees and costs associated with bringing this motion, (2) coercive sanction to encourage compliance with this court's outstanding discovery order and (3) a recommendation to the district judge that Cuviello be held in civil contempt.  Each of these sanctions is warranted.

*First*, there is no dispute Cuviello violated this court's discovery order.  Under such circumstances, Rule 37 requires a court to award fees and costs "unless the failure was substantially justified or other circumstances make an award of expenses unjust."[13]  The burden of establishing a substantial justification lies with the party facing sanctions.[14]  Here, Cuviello offers no substantial justification.  This court ordered Cuviello to produce additional documents and video by December 16—over two months ago.  While Cuviello contends that he did not produce these materials because he intended to seek a writ of mandamus regarding this court's discovery order, he never sought a stay of the order from the undersigned and only sought a stay from the presiding judge days *after* filing his appellate petition.[15]  Critically, no stay was ever granted.  This cannot stand.

---

[13] Fed. R. Civ. P. 37(b)(2)(C); *see also Adams*, 2012 WL 1636064, at *1 ("Rule 37 sanctions are appropriate in extreme circumstances where violations are due to willfulness, bad faith, or fault of the party.") (citing *U.S. for Use & Ben. Of Wiltec Guam, Inc. v. Kahaluu Const. Co.*, 857 F.2d 600, 603 (9th Cir. 1988)).

[14] *Varney v. Cal. Highway Patrol*, Case No. 11-cv-04193, 2013 WL 2299544, at *3 (N.D. Cal. May 24, 2013.

[15] *See POM Wonderful LLC v. Coca-Cola Co.*, Case No. 08-cv-06237, 2009 WL 7047720, at *2 (C.D. Cal. Nov. 10, 2009); *Tinsley v. Kemp*, 750 F.Supp. 1001, 1013 (W.D. Mo. 1990) ("[B]y refusing to comply with discovery merely because a motion to stay is pending, a party effectively is granting its own motion to stay—even before the court has ruled.  Such a phenomenon would reduce a court's orders to useless and senseless formalities."); *Kimbrell v. ADIA, S.A.*, 834 F.Supp. 1313, 1317 (D. Kan.1993) (holding that a magistrate judge's decisions "should not be considered

4
Case No. 5:13-cv-03135-LHK
ORDER GRANTING MOTION FOR MONETARY SANCTIONS WITH REPORT AND RECOMMENDATION THAT PLAINTIFF BE HELD IN CIVIL CONTEMPT FOR FAILURE TO COMPLY WITH DISCOVERY ORDER

Even if Cuviello could somehow "self-stay" merely by filing his petition to the Ninth Circuit, after the petition was denied, Cuviello's subsequent production of documents and videotape excerpts still violated this court's December 2 ruling. The production "consisted primarily of e-mail and Facebook communications between Plaintiff (and other members of [HTE]) and members of the public regarding protest activity against [Feld] and other circuses" between 2008 and 2013.[16] But Cuviello "blacked-out or redacted all identifying information, including names and e-mail addresses" contained in the produced materials.[17] This court never permitted Cuviello to redact any information in documents ordered produced. And while Cuviello argues extensively that he is protecting his right to First Amendment freedom of association, the court already ruled that the First Amendment does not apply to these communications in its order requiring that the documents be produced in whole—a ruling that both Judge Koh and the Ninth Circuit declined to overturn.

Nor can Cuviello argue that his noncompliance was inadvertent or in good faith. At an unrelated discovery hearing on January 6, 2015, this court asked Cuviello whether he had complied with the court's December 2 ruling, to which Cuviello answered no.[18] Cuviello did not forget to produce the materials, nor were there technical difficulties that might justify a delayed production. He simply chose not to produce the information, in violation of a direct court order. The court can

---

ineffective, advisory, or nonfinal simply because they may be reviewed by the district court" and that "[d]ecisions by a magistrate judge on nondispositive motions are intended to be effective unless overturned by the district judge, just as decisions of a district judge are intended to be effective unless overturned by a circuit court").

[16] Docket No. 135 at 1.

[17] *Id.*

[18] *See* Docket No. 105 at 16:4-13:
>   The Court: Well, Mr. Cuviello, I am being told you haven't produced all that video. I gave you a specific order to do that.
>   Mr. Cuviello: But I produced a lot of it.
>   The Court: Have you complied with my order [or] not, Mr. Cuviello?
>   Mr. Cuviello: I haven't complied totally.

5
Case No. 5:13-cv-03135-LHK
ORDER GRANTING MOTION FOR MONETARY SANCTIONS WITH REPORT AND RECOMMENDATION THAT PLAINTIFF BE HELD IN CIVIL CONTEMPT FOR FAILURE TO COMPLY WITH DISCOVERY ORDER

think of no clearer scenario in which an award of reasonable fees and costs associated with bringing this motion would be warranted.

***Second***, coercive sanctions are also justified. A court may impose such a measure "[i]f the sanction is intended to coerce the contemnor to comply with the court's orders in the future, and the sanction is conditioned upon continued noncompliance."[19] Once the party has complied in full, the party can move to vacate the sanction.[20] Such a drastic sanction is necessary in this case. Cuviello has repeatedly flouted his discovery obligations—first by delay, then by refusing to follow this court's specific directions, and ultimately by unauthorized redactions even after all his attempts at securing relief failed. For most parties, the threat of sanctions is usually enough to deter continued violation. But not here. To incent Cuviello to produce all material not yet produced—in unredacted form—as soon as possible, this court imposes a daily sanction of $500 until the production is made in full. When Cuviello has fully complied, he may return to the court to seek relief from the sanction.

***Third***, Cuviello should be held in civil contempt for his continuing disobedience of this court's discovery order. Rule 37 empowers the court to treat the failure to obey a discovery order as a contempt of court.[21] "Civil contempt consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply."[22] A "party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by 'clear and continuing evidence,' not merely a preponderance of the evidence."[23] As discussed at length above, Cuviello not only failed to comply with this court's discovery order once, but even after his application for a writ of mandamus was denied, he continues to violate the

---

[19] *Richmark Corp. v. Timber Falling Consultants*, 959 F. 2d 1468, 1481 (9th Cir. 1992).

[20] *See id.*

[21] *See* Fed. R. Civ. P. 37(b)(2)(A)(vii).

[22] *In re: Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 643, 695 (9th Cir. 1993).

[23] *Id.* (citing *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1986)).

1   authority of this court, has openly admitted that fact to the court and to this day has still not

2   produced the materials at issue.  As a seasoned litigant in this and other federal courts, Cuviello

3   clearly knows better.[24]  Nor is this a situation where a party "has taken 'all the reasonable steps' it

4   can to comply."[25]  Under such circumstances, this court has no other recourse than to recommend

5   to the district judge that Cuviello be held in civil contempt.[26]

## IV.

No later than March 5, 2015, Cuviello shall pay Feld's fees and costs associated with this episode in the amount of $11,275.00.[27]

Until Cuviello complies with this court's December 2 order, Cuviello shall be fined a daily sanction in the amount of $500.

---

[24] *See, e.g.*, *Joseph Cuviello, I v. Feld Entm't, Inc., et al.*, Case No. 14-cv-16793 (9th Cir. Sept. 19, 2014); *Joseph Cuviello, et al. v. City of Oakland, et al.*, Case No. 10-cv-17009 (9th Cir. Sept. 14, 2014); *Joseph Cuviello, et al. v. City of Oakland, et al.*, Case No. 10-cv-80183 (9th Cir. Sept. 10, 2010); *Joseph Cuviello, et al. v. City of Oakland, et al.*, Case No. 10-cv-16949 (9th Cir. Sept. 7, 2010); *Deniz Bolbol, et al. v. Ringing Bros. & Barnum an, et al.*, Case No. 08-cv-16268 (9th Cir. May 27, 2008); *Bolbol, et al. v. HP Pavilion, et al.*, Case No. 07-cv-16153 (9th Cir. June 28, 2007); *Bolbol, et al. v. HP Pavillion, et al.*, Case No. 07-cv-16146 (9th Cir. June 28, 2007); *Bolbol, et al. v. Ringling Bros., et al.*, Case No. 07-16147 (9th Cir. June 28, 2007); *Lodge, et al. v. San Jose Arena Manag, et al.*, Case No. 06-cv-15945 (9th Cir. May 18, 2006); *Cuviello v. Feld Entm't Inc. et al.*, Case No. 13-cv-04951 (N.D. Cal. Oct. 24, 2013); *Cuviello et al v. Univ. of Nev. Police Dep't et al.*, Case No. 12-cv-00529 (D. Nev. Oct. 1, 2012); *Cuviello, et al. v. Circus Am., Inc. et al.*, Case No. 12-04618 (N.D. Cal. Sept. 4, 2012); *Cuviello et al. v. City and Cnty. of San Francisco et al.*, Case No. 12-cv-03034 (N.D. Cal. June 12, 2012); *Bolbol et al v. Feld Entm't, Inc. et al.*, Case No. 11-cv-05539 (N.D. Cal. Nov. 16, 2011); *Cuviello et al v. Cal Expo, et al.*, Case No. 11-cv-02456 (E.D. Cal. Sept. 16, 2011); *Cuviello et al. v. City of Oakland et al.*, Case No. 09-cv-02955 (N.D. Cal. June 29, 2009); *Cuviello, et al. v. City of Stockton, et al.*, Case No. 07-cv-01625 (E.D. Cal. Aug. 9, 2007); *Cuviello et al. v. City of Oakland et al.*, Case No. 06-cv-05517 (N.D. Cal. Sept. 8, 2006); *Bolbol et al v. Ringling Bros. & Barnum & Bailey Circus et al.*, Case No. 04-00082 (N.D. Cal. Jan. 8, 2004).

[25] *Richmark*, 959 F.2d at 1479 (quoting *Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 466 (9th Cir. 1989)).

[26] The undersigned is issuing a report and recommendation as to civil contempt because a magistrate judge does not have authority to find a party in contempt.  *See* 28 U.S.C. § 636 (requiring a magistrate to refer contempt charges to a district judge); *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 240 (9th Cir. 1991) (same).

[27] *See* Docket No. 107-1 at ¶ 13 (computing the cost of filing this motion as eleven hours at a rate of $725 per hour plus ten hours at a rate of $330 per hour and computing the cost of filing the reply as three hours at a rate of $725 per hour plus one hour at a rate of $330 per hour).

7
Case No. 5:13-cv-03135-LHK
ORDER GRANTING MOTION FOR MONETARY SANCTIONS WITH REPORT AND RECOMMENDATION THAT PLAINTIFF BE HELD IN CIVIL CONTEMPT FOR FAILURE TO COMPLY WITH DISCOVERY ORDER

The undersigned recommends to the presiding judge that Cuviello be held in civil contempt for his refusal to comply with this court's order.

Rules have to matter.

**SO ORDERED.**

Dated: February 27, 2015

PAUL S. GREWAL
United States Magistrate Judge